J-S09021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TIMOTHY LYNN COLBERT | : | |
| | : | |
| Appellant | : | No. 759 MDA 2017 |

Appeal from the Judgment of Sentence March 29, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005064-2014,
CP-67-CR-0007786-2014

BEFORE:   GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY MCLAUGHLIN, J.:                **FILED APRIL 20, 2018**

Timothy Lynn Colbert ("Appellant") appeals from the March 29, 2017 judgment of sentence. We conclude the Commonwealth presented sufficient evidence to support the convictions, the verdict was not against the weight of the evidence, and the trial court did not err in finding the convictions for certain sex crimes did not merge. However, we vacate the finding that Appellant was a sexually violent predator ("SVP") and remand for proceedings consistent with this memorandum.

Appellant, who was born on January 27, 1964, N.T., 11/9/16, at 92, was charged at two separate dockets for crimes committed against his step-daughter, B.F., and his daughter, A.M. The trial court held a consolidated jury trial.

_____
*   Retired Senior Judge assigned to the Superior Court.

B.F., who was born in November 1997, testified that when she was in the sixth grade, she had trouble sleeping one night. Appellant was in the living room and told her to stay with him. Appellant touched her nipple, breast, and her vagina on the inside of her underwear while in the living room and in her bedroom after she went upstairs. N.T., 11/7/16, at 77-80. Appellant left after B.F. told him that she would tell her mother if he did not stop. *Id.* at 77. B.F. told her mom about the incident three or four years later and told the police about one year after she told her mom. *Id.* at 94-96.

B.F.'s mother, J.D., testified that sometime in the winter of 2012-2013, B.F. came to her bedroom, burst into tears, and told her that one night when she was having trouble sleeping, Appellant had touched her "behind and . . . . the back of [her] vagina." *Id.* at 101-102. Detective Justin Feeney also testified that B.F. told a forensic interviewer about the incident, and the details were consistent with her testimony at trial. *Id.* at 116.

A.M., who was born in August 1998, testified that when she was five or six years old, when she stayed with Appellant at her uncle's house, Appellant undressed her, laid naked behind her, and touched her breast. N.T., 11/9/16, at 7, 8, 27. When she was 10 to 12 years old, while in her bedroom at a farmhouse in Seven Valleys, Appellant touched her chest and her vagina under her clothes on several occasions. *Id.* at 9-11. Appellant also touched A.M.'s vagina underneath her clothes when he was driving, sometimes penetrating her vagina with his fingers. *Id.* at 11-13. The car

was a "bigger car" and the assaults always occurred when they were on a dirt road that led to the house. *Id.* at 12. In addition, when A.M. was in the eighth grade, Appellant came to her room, put his fingers inside her vagina and had vaginal intercourse with her. *Id.* at 15. When A.M was in the ninth grade she told a friend of the events. *Id.* at 20-21. She told her school counselor when in the tenth grade. *Id.* at 22.

A.M. further testified that when the incidents happened, Appellant was usually drunk, and that he got belligerent and angry when drunk. *Id.* at 30-31. Further, when he raped her, Appellant was drunk, knocking things over, and had difficulty keeping his balance. *Id.* at 16, 41-42. A.M. also testified that her stepmother was downstairs or picking up one of her step-siblings when the assaults happened. *Id.* at 30.

C.D., A.M.'s friend, testified that A.M. told her that Appellant raped her. *Id.* at 57-58. Further, the parties stipulated that if Matthew McGee was called as a witness he would testify that he was a guidance counselor, that A.M. disclosed to him that Appellant molested and raped her, and that he reported the allegations to ChildLine and to A.M.'s mother. *Id.* at 61.

Deborah Nandor-Levin, a forensic nurse, also testified. Ms. Nandor-Levin examined A.M. and found no signs of injury. *Id.* at 75, 81. She further testified that a normal exam does not mean assault did not happen because: the nature of the abuse may not have caused injury; the hymen stretches without injury; and, if an injury occurred, it would have been healed by the time of the exam, which was two years after the assault. *Id.* at 81-83. The

nurse further testified that it is normal for children to disclose sexual abuse days or years after the abuse due to embarrassment and fear. *Id.* at 83-84.

Appellant testified and denied the events. *Id.* at 99-119.

For the crimes against B.F., the jury found Appellant guilty of corruption of minors, indecent assault without consent, and indecent assault-complainant less than 16 years of age.[1] For the crimes against A.M., the jury found Appellant guilty of statutory sexual assault, sexual assault, aggravated indecent assault without consent, aggravated indecent assault-complainant less than 16 years of age, aggravated indecent assault of a child,[2] indecent assault without consent, indecent assault-complainant less than 13 years of age,[3] corruption of minors, and incest.[4]

On March 29, 2017, for the crimes against B.F., the trial court sentenced Appellant to nine to 18 months' incarceration for the corruption of minors conviction and three to six months' incarceration for the conviction for indecent assault without consent.[5] For the crimes against A.M., the trial

---

[1] 18 Pa.C.S.A. § 6301(a)(1), 3126(a)(1), and 3126(a)(8), respectively.

[2] 18 Pa.C.S.A. §§ 3122.1 and 3124.1, 3125(a)(1), 3125(a)(8) and 3125(b), respectively.

[3] 18 Pa.C.S.A. § 3126(a)(7).

[4] 18 Pa.C.S.A. § 4302.

[5] The trial court merged the conviction for indecent assault-complainant less than 16 years of age for sentencing purposes.

court sentenced Appellant to 20 to 40 months' incarceration for the statutory sexual assault conviction, 60 to 120 months' incarceration for the sexual assault conviction, 48 to 96 months' incarceration for the conviction for aggravated indecent assault without consent, 48 to 96 months' incarceration for the conviction for aggravated indecent assault-complainant less than 16 years of age, 12 to 24 months' incarceration for the corruption of minors conviction, 78 to 156 months' incarceration for the conviction for aggravated indecent assault of a minor, and 36 to 72 months' incarceration for the incest conviction.[6] The trial court ordered all sentences to run consecutive to each other, for an aggregate sentence of 314 to 628 months' incarceration. The trial court further found Appellant to be an SVP. N.T., 3/29/17, at 16.

Appellant filed a post-sentence motion, arguing the trial court awarded too little credit for time served, the evidence was insufficient to support the convictions, the verdict was against the weight of the evidence, and the trial court erred in not merging the convictions for statutory sexual assault and sexual assault and in not merging the convictions for aggravated indecent assault. The trial court granted the motion in part and amended the sentence to award additional credit for time served, but denied it in all other respects. On May 8, 2017, Appellant filed a timely notice of appeal.

Appellant raises the following questions on appeal:

---

[6] The trial court merged the indecent assault counts for purposes.

I. Whether the trial court erred in concluding that the jury's finding of guilty on the charges of Statutory Sexual Assault, Sexual Assault, Aggravated Indecent Assault, Indecent Assault, Corruption of Minors, Aggravated Indecent Assault of a Child, and Incest was not against the sufficiency and weight of the evidence presented at trial, as it relates to A.M.?

II. Whether the trial court erred in concluding that the jury's finding of guilty on the charges of Corruption of Minors and Indecent Assault was not against the sufficiency and weight of the evidence presented at trial, as it relates to B.F.?

III. Whether the trial court erred when it failed to merge [Appellant's] sentence for Statutory Sexual Assault with Sexual Assault and similarly, when it failed to merge the sentence for Aggravated Indecent Assault with Aggravated Indecent Assault of a Child[?]

Appellant's Br. at 5 (suggested answers omitted).

## I.    Sufficiency of the Evidence

Appellant first challenges the sufficiency of the evidence to support his convictions.

"Because evidentiary sufficiency is a question of law, our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Ballard***, 80 A.3d 380, 390 (Pa. 2013) (citation omitted). Specifically, we must determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crime charged is established beyond a reasonable doubt. ***See Commonwealth v. Dale***, 836 A.2d 150, 152 (Pa.Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a

reasonable doubt by means of wholly circumstantial evidence." **Commonwealth v. Brown**, 23 A.3d 544, 559 (Pa.Super. 2011) (*en banc*) (quoting **Commonwealth v. Hutchinson**, 947 A.2d 800, 805–06 (Pa.Super. 2008)).

Further, "[a]s an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." **Commonwealth v. Kinney**, 863 A.2d 581, 584 (Pa.Super. 2004) (citation omitted). Therefore, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." **Commonwealth v. Bruce**, 916 A.2d 657, 661 (Pa.Super. 2007) (quoting **Commonwealth v. Frisbie**, 889 A.2d 1271, 1274–75 (Pa.Super.2005)).

In addition, "the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant, despite contrary evidence from defense witnesses." **Commonwealth v. Charlton**, 902 A.2d 554, 562 (Pa.Super. 2006) (quoting **Commonwealth v. Davis**, 650 A.2d 452, 455 (Pa.Super. 1994)).

### A. Statutory Sexual Assault and Sexual Assault

Section 3122.1 of the Crimes Code defines statutory sexual assault, in relevant part, as follows: "A person commits a felony of the first degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the

complainant and the complainant and the person are not married to each other." 18 Pa.C.S.A. § 3122.1(b). Further, a person commits sexual assault when he "engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S.A. § 3124.1. For both offenses, the Crimes Code defines "sexual intercourse" as "includ[ing] intercourse per os or per anus, with some penetration however slight; emission is not required." 18 Pa.C.S.A. § 3101.

Appellant maintains that the Commonwealth failed to establish that he had intercourse with A.M., arguing A.M. could not testify with specificity as to when the assault occurred and that there was no corroborating physical evidence. We disagree. A.M. testified that Appellant had non-consensual vaginal intercourse with her when she was in the eighth grade. This was sufficient to establish the elements of statutory sexual assault and sexual assault. That A.M. could not testify as to the date on which this occurred and that there was no physical evidence admitted, does not make the evidence insufficient. Rather, the testimony of the victim, if believed by the fact-finder, as it was here, is sufficient to support the verdict. *See Charlton*, 902 A.2d at 562.

### B. Aggravated Indecent Assault

A person commits aggravated indecent assault if he "engages in penetration, however slight, of the genitals or anus of a complainant with a part of the person's body for any purpose other than good faith medical,

- 8 -

hygienic or law enforcement procedures . . . if: (1) the person does so without the complainant's consent; . . . or (8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other." 18 Pa.C.S.A. § 3125(a)(1), (8). Further, a person commits aggravated indecent assault of a child where a person "violates subsection (a)(1), (2), (3), (4), (5), or (6) and the complaint is less than 13 years of age." 18 Pa.C.S.A. § 3125(b).

Appellant argues that the Commonwealth failed to establish a specific time when Appellant penetrated A.M. with his fingers. A.M. testified that Appellant touched her vagina without her consent when she ten to 12 years old. Further, she testified that when she was between ten and 12 years old, while they were driving on a dirt road to his house, Appellant would penetrate her vagina with his fingers. Such testimony supports the convictions for aggravated indecent assault without consent, aggravated indecent assault-complainant less than 16 years of age, and aggravated indecent assault of a child.

### C. Indecent Assault

A person commits indecent assault where he has "indecent contact with the complainant . . . for the purpose of arousing sexual desire in the person or the complainant and: (1) the person does so without the complainant's consent; . . . (7) the complainant is less than 13 years of age;

or (8) the complainant is less than 16 years of age and the person is four or more years older than the complainant and the complainant and the person are not married to each other." 18 Pa.C.S.A. § 3126(a)(1), (7), (8). "Indecent contact" is defined as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S.A. § 3101.

Appellant maintains that the Commonwealth failed to establish that any indecent contact occurred for the purpose of arousing sexual desire in Appellant or the complainants. A.M. testified that Appellant touched her genitals while in A.M.'s bedroom without her consent when she was under the age of 13, and her testimony was sufficient to raise an inference that Appellant committed the acts to arouse his sexual desire. Therefore, the evidence was sufficient to support Appellant's convictions for indecent assault without consent and indecent assault-complainant less than 13 years of age. *See Commonwealth v. Castelhun*, 889 A.2d 1228, 1233 (Pa.Super. 2005) ("The appellant] repeatedly touched J.T. in a sexual way when he placed his penis into J.T.'s mouth, digitally penetrated her genitalia, and inserted his penis into her vagina, all for the sole purpose of arousal and gratification of his sexual desires.").

In addition, B.F. testified that Appellant touched her breasts and vagina without her consent when she was under the age of 16. Like A.M.'s testimony, B.F.'s testimony was sufficient to raise an inference that

Appellant perpetrated the assault against B.F. for the purpose of arousing his own sexual desire. Therefore, the evidence was sufficient to support Appellant's convictions for indecent assault-complainant without consent and indecent assault-complainant less than 16 years of age. ***See id.***

### D. Corruption of Minors

Appellant maintains that, because the Commonwealth did not establish any of the above-discussed crimes, it did not present sufficient evidence to support the corruption of minors convictions. A person is guilty of corruption of minors if he or she is over 18 years of age and "by any act corrupts or tends to corrupt the morals of any minor less than 18 years of age." 18 Pa.C.S.A. § 6301(a)(1). A.M. testified that Appellant engaged in sexual activities with her. Similarly, B.F. testified Appellant touched her breast and genitals. Such testimony is sufficient to support the convictions for corruption of minors. ***Commonwealth v. Kelly***, 102 A.3d 1025, 1032-33 (Pa.Super. 2014) (*en banc*) (finding indecent assault of child sufficient to support corruption of minor conviction under Section 6301(a)(1)).

### E. Incest

Appellant argues A.M.'s testimony was insufficient to support the incest conviction. A person is guilty of incest if he or she "knowingly . . . has sexual intercourse with an ancestor or descendant." 18 Pa.C.S.A. § 4302. A.M. testified that Appellant, her biological father, had intercourse with her.

This was sufficient to support the incest convictions. **See Charlton**, 902 A.2d at 562.

## II. Verdict Is Not Against the Weight of the Evidence

Appellant next contends the verdict was against the weight of the evidence. An appellate court reviews the denial of a motion for a new trial based on a claim the verdict is against the weight of the evidence for an abuse of discretion. **Commonwealth v. Clay**, 64 A.3d 1049, 1054-55 (Pa. 2013). "Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence." **Id.** at 1055 (quoting **Commonwealth v. Widmer**, 744 A.2d 745, 753 (Pa. 2000)).

A trial court should not grant a new trial "because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." **Id.** Rather, to grant a new trial, the trial court must "determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." **Id.** (quoting **Widmer**, 744 A.2d at 752). Stated different, a trial court should not award a new trial unless "the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the

award of a new trial is imperative so that right may be given another opportunity to prevail." **Id.** (quoting **Widmer**, 744 A.2d at 752).

Appellant maintains the verdict as to A.M. was against the weight of the evidence. He notes that A.M. failed to set forth the dates with specificity and that no one heard the attacks, even though A.M. stated Appellant was drunk when he assaulted her and would be belligerent when drunk. Appellant also claims that A.M.'s testimony regarding the assaults on the dirt road were contradictory and reasoned that "[i]t seems unlikely Appellant would have been able to operate a sport utility vehicle . . . described as being large in size and reach over and put his hand down her pants while intoxicated." Appellant's Br. at 26. Appellant further alleges that, because A.M. testified Appellant could barely stand up at the time he raped her, it "seems highly unlikely" that he did so. Appellant's Br. at 27. He further notes that A.M. did not tell anyone at the time the rape occurred and the results of her physical exam were normal.

Appellant argues the verdict as to B.F. was against the weight of the evidence because of the "significant period of time that passed prior to reporting the allegations and the inability to remember generally what time of year this incident occurred." **Id.** at 33.

The trial court concluded that it was within the jury's discretion to determine which witnesses were credible and to determine how much weight to give the testimony. 1925(a) Op. at 12. It concluded the verdict was not

so contrary to the weight of the evidence as to shock one's conscience. This was not an abuse of discretion.

## III. Trial Court Did Not Err In Finding Convictions Do Not Merge

Appellant next maintains that the trial court erred in failing to merge the convictions for statutory sexual assault and sexual assault and in failing to merge the convictions for aggravated indecent assault and aggravated indecent assault of a minor.

A claim that the trial court failed to merge convictions for sentencing purposes raises a claim of an illegal sentence, for which our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Tanner***, 61 A.3d 1043, 1046 (Pa.Super. 2013). Section 9765 of the Sentencing Code provides that "[n]o crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense." 42 Pa.C.S.A. § 9765. Accordingly, the statute "prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009).

### A. Statutory Sexual Assault and Sexual Assault

The trial court did not err in finding statutory sexual assault and sexual assault did not merge.

The Crimes Code provides that sexual assault occurs where a defendant "engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S.A. § 3124.1.

The Crimes Code defines statutory sexual assault, in relevant part, as where a defendant "engages in sexual intercourse with a complainant under the age of 16 years and that person is 11 or more years older than the complainant and the complainant and the person are not married to each other." 18 Pa.C.S.A. § 3122.1(b).

In *Commonwealth v. Duffy*, this Court concluded that statutory sexual assault and sexual assault did not merge for sentencing purposes. 832 A.2d 1132, 1141 (Pa.Super. 2003). We reasoned that statutory sexual assault requires proof of elements that sexual assault does not require, *i.e.*, that the complainant is under 16 years of age, that the perpetrator is a specified number of years older than complainant,[7] and that the complainant and the perpetrator are not married. *See id*. at 1138-39. In addition, "[s]exual assault requires proof of one element that statutory sexual assault does not, *i.e.*, that the complainant did not consent." *Id.* at 1139. Therefore, we concluded that because "both crimes require proof of at least one

---

[7] The statutory sexual assault statute provides that a person commits a felony of the second degree if "that person is either: (1) four years older but less than eight years older than the complainant; or (2) eight years older but less than 11 years older than the complainant," and commits a felony of the first degree if "that person is 11 or more years older than the complainant and the complainant." 18 Pa.C.S.A. § 3122.1(a)-(b).

element that the other does not, the crimes are not greater and lesser included offenses." *Id.* at 1139, 1141. We further noted that "[t]he fact that the act of sexual intercourse supports an element in each crime does not warrant merging of the sentences when other mutually exclusive elements of the crimes remain." *Id.* at 1139.

Applying *Duffy*, because each conviction required proof of an element that the other conviction did not, we conclude the trial court did not err in finding that the statutory sexual assault conviction did not merge with the sexual assault conviction.

### B. Aggravated Indecent Assault Convictions

Appellant next maintains that the trial court erred in failing to merge the convictions for aggravated indecent assault without consent, aggravated indecent assault-complainant less than 16 years of age, and aggravated indecent assault of a child. He argues that the facts charged in the information were the same for each count.

The trial court concluded that the charges did not arise from one criminal act. Rather, A.M. testified to "numerous types of sexual assault events," with several "occurring more than once." The trial court noted that "[t]o merge the sentences would give the Appellant an inappropriate discount when he had committed multiple types of sexual assault to [A.M.] over the course of years." 1925(a) Op. at 16. We agree and conclude that, because different facts supported the convictions for aggravated indecent

assault without consent, aggravated indecent assault-complainant less than 16 years of age, and aggravated indecent assault of a child, the trial court did not err in finding the convictions did not merge. **See** 42 Pa.C.S.A. § 9765.

### IV. SVP Finding

We must now address an issue not raised by the parties—whether the trial court had the authority to find Appellant to be a SVP. Although Appellant did not challenge the trial court's finding that he was SVP under 42 Pa.C.S.A. § 9799.24, a section of the Sexual Offender Registration and Notification Act ("SORNA"), we may raise the issue on our own motion. The question presents a question as to the legality of Appellant's sentence, which cannot be waived and which this Court may raise *sua sponte*. **Commonwealth v. Butler**, 173 A.3d 1212, 1215 (Pa.Super. 2017); **Commonwealth v. Wolfe**, 106 A.3d 800, 801 (Pa.Super. 2014).

After the trial court sentenced Appellant, our Supreme Court held in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), that the registration requirements set forth under SORNA constitute criminal punishment as opposed to a mere civil penalty, and therefore their retroactive application violates the *Ex Post Facto* clause of the U.S. Constitution. **Commonwealth v. Muniz,** 164 A.3d 1189 (Pa. 2017) (OAJC), *cert. denied sub nom.* **Pennsylvania v. Muniz**, No. 17-575, 2018 WL 491630 (U.S. Jan. 22, 2018).

In the wake of *Muniz*, we concluded in *Butler*[8] that because *Muniz* held SORNA's registration requirements are punitive, and an SVP designation increases the registration period, trial courts cannot apply SORNA's increased registration requirement for SVPs because SORNA does not require a fact-finder to determine, beyond a reasonable doubt, that the defendant is an SVP. *Id.* at 1217-18 (citing *Alleyne v. United States*, 570 U.S. 99 (2013)).

Accordingly, in *Butler*, we found 42 Pa.C.S.A. § 9799.24(e)(3) unconstitutional and directed trial courts to apply only the applicable tier-based registration period, as those periods apply based on the conviction itself, and not due to any additional fact not found, under SORNA's procedures, by the fact-finder. *Butler*, 173 A.3d at 1218. We reversed the order finding the defendant to be an SVP and remanded to the trial court for the sole purpose of issuing appropriate notice[9] of the defendant's tier-based registration period. *Id.* at 1218.

In light of *Muniz* and *Butler*, Appellant's SVP designation constitutes an illegal sentence. Therefore, we vacate the finding that Appellant is an

---

[8] This Court denied reargument in *Butler* on January 3, 2018. The Commonwealth filed a petition for allowance of appeal to the Pennsylvania Supreme Court on February 1, 2018. That petition is still pending as of this writing.

[9] *See* 42 Pa.C.S.A. § 9799.23 (providing for court notification and classification requirements).

SVP, pursuant to **Butler**, and remand to the trial court to issue a revised notice to Appellant pursuant to 42 Pa.C.S.A. § 9799.23 (governing reporting requirements of sex offenders).

Judgment of sentence affirmed in part and vacated in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/20/18