**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**Edward DUFFY, Appellant.**

Superior Court of Pennsylvania.

Submitted April 14, 2003.

Filed Sept. 16, 2003.

Raymond D. Roberts, appellant, pro se.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: FORD ELLIOTT, LALLY–GREEN, and BECK, JJ.

OPINION BY LALLY–GREEN, J.:

¶ 1 Appellant, Edward Duffy, appeals from the judgment of sentence entered on June 15, 2001. We affirm.

¶ 2 The trial court stated the facts as follows:

On January 23, 2001, [A]ppellant, Edward Duffy, was found guilty following a

bench trial before this court of sexual assault, 18 Pa.C.S.A. [§ ] 3124.1, statutory sexual assault, 18 Pa.C.S.A. [§ ] 3122.1, and corrupting the morals of a minor, 18 Pa.C.S.A. [§ ] 6301. The evidence presented at trial established that in the summer of 1995 [Appellant], age 19, met the victim, age 14, at the Franklin Mills Mall. On the day of the incident [Appellant's] sister drove [Appellant] and [the] victim to [Appellant's] home on Morrell Avenue in the County of Philadelphia. [Appellant] and [the] victim went into a bedroom of the house, where [Appellant] forcibly had sexual intercourse with the victim.

On June 15, 2001 the trial court sentenced [Appellant] to four to ten years in prison for the sexual assault conviction.[2] [Appellant was further sentenced to a consecutive term of five years probation on the statutory sexual assault conviction and another consecutive term of one year probation on the corrupting the morals of a minor conviction.] This appeal was filed on September 8, 2002.[3] [Appellant] now raises four issues on appeal.

[2] Appellant was originally sentenced on April 23, 2001. This sentence was vacated, and [A]ppellant was resentenced on June 15, 2001.
[3] [Appellant] filed a PCRA petition and on July 8, 2002, [A]ppellant was permitted to file an appeal [nunc] pro tunc.

Trial Court Opinion, 11/18/02, at 1–2 (footnote 1 omitted).

¶ 3 Appellant presents four issues for our review:

1. We note that the docket does not reflect that the trial court's order directing Appellant to file a Concise Statement was filed of record, and the record does not contain the order. Consequently, we are unable to determine

I. Did the prosecutor prejudice the court's neutrality with unsubstantiated allegations of Appellant having sex in the ladies' room with his girlfriend during trial and unsubstantiated allegations of other rapes committed by Appellant?

II. Did the trial court err by failing to colloquy Appellant regarding his right to testify at trial?

III. Did the trial court err in failing to merge Appellant's sentences?

IV. Was trial counsel ineffective for failing to object to Appellant being charged with sexual assault, a crime that the prosecutor did not prove beyond a reasonable doubt was in effect at the time Appellant is alleged to have committed the sexual assault, and, was counsel ineffective for his failure to object to Appellant being charged with a current version of statutory sexual assault instead of the one that was in effective prior to May 31, 1995?

Appellant's Brief at 2.

¶ 4 Before we may proceed with an examination of Appellant's issues, we must first determine whether the issues are properly before us. An appellant must file a Concise Statement of Matters Complained of on Appeal when ordered to do so by the trial court. Pa.R.A.P. 1925(b). Any issue not raised in the Concise Statement will be deemed waived. *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 309 (1998).

¶ 5 Here, Appellant filed a Concise Statement raising four issues to the trial court on September 13, 2002.[1] While two

whether Appellant timely filed his Concise Statement. This point is moot, however, as the trial court addressed all issues raised in the Concise Statement. Accordingly, there would be no waiver if the Concise Statement

of the four issues presented in the Concise Statement were not raised to this Court in Appellant's brief, two of the four issues raised in his brief were not included in his Concise Statement. These two issues not included in the Concise Statement are Appellant's claim regarding merger and his claim of trial counsel ineffectiveness. Since Appellant failed to include his allegation of trial counsel ineffectiveness in his Concise Statement, the issue is waived.[2] *Lord.*

¶ 6 Appellant's merger claim is not waived. A claim that crimes should have merged for sentencing purposes challenges the legality of a sentence, which cannot be waived. *Commonwealth v. Kitchen*, 814 A.2d 209, 214–215 (Pa.Super.2002). Thus, *Lord* does not preclude our review of this issue.

¶ 7 We now proceed to examine the merits of Appellant's issues that are properly before us. First, Appellant argues that the prosecutor committed misconduct when he elicited testimony from its witness, Detective Francis Erickson, concerning unrelated criminal activity. Also, Appellant alleges that the prosecutor and court staff negated the trial court's neutrality by informing the trial court that Appellant and his girlfriend had engaged in intercourse during the trial in a courthouse bathroom.

¶ 8 First, we address whether Appellant's claim regarding testimony of unrelated criminal activity is waived. Issues not raised to the trial court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). "In order to preserve an issue for review, a party must make a timely and specific objection." *Commonwealth v. Brown*, 701 A.2d 252, 254 (Pa.Super.1997). Also, an appellant may not raise a new theory for an objection made at trial on his appeal. *Commonwealth v. Pearson*, 454 Pa.Super. 313, 685 A.2d 551, 555 (1996).

¶ 9 Here, the record reflects that Detective Erickson testified that he came into contact with the victim after speaking with another complainant about a separate incident. N.T., 1/18/01, at 60–61. Appellant's counsel objected to the testimony without stating a reason. *Id.* at 61. After the Commonwealth addressed the general objection, the trial court admitted the testimony. *Id.* Appellant's counsel made no other objections to the detective's testimony and did not cross-examine the detective. *Id.* at 61–64. Although Appellant's counsel made a timely objection to the detective's testimony, he failed to make a specific objection. Since Appellant did not argue to the trial court that the testimony was inadmissible because it referenced unrelated criminal activity, this issue is waived. *Pearson.*

¶ 10 Second, we address whether the Commonwealth committed prosecutorial misconduct by advising the trial court prior to rendering of the verdict that Appellant engaged in sexual activity with his

---

were untimely filed. *Commonwealth v. Ortiz*, 745 A.2d 662, 663–664 n. 3 (Pa.Super.2000).

2. We note that as a general rule, claims of ineffective assistance of counsel must await review under the Post Conviction Relief Act, 42 Pa.C.S.A. § 9541–9546, pursuant to *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002). However, our Supreme Court specifically stated in *Grant* that its holding applies only to "cases on direct appeal where the issue of ineffectiveness was properly raised and presented." *Id.* at 738. Since Appellant did not properly preserve his claim of ineffective assistance of counsel, *Grant* does not apply. Nevertheless, nothing in our disposition prevents Appellant from alleging in a petition for post-conviction relief that counsel was ineffective for failing to properly raise and present the claim.

girlfriend in the courthouse bathroom during trial. Prosecutorial misconduct occurs when the effect of the prosecutor's comments would be to prejudice the trier of fact, forming in its mind fixed bias and hostility toward the defendant so that it could not weigh the evidence objectively and render a true verdict. *Commonwealth v. Randall,* 758 A.2d 669, 679 (Pa.Super.2000). The trial court noted in its opinion that the Commonwealth did not present this evidence until after the verdict had been rendered. Trial Court Opinion, 11/19/02, at 3.

¶ 11 Our review of the record reflects that the Commonwealth informed the trial court of the incident after the verdict had been entered and during the sentencing portion of the proceedings. N.T., 1/23/01, at 32. Since the Commonwealth did not attempt, at trial, to introduce evidence of Appellant's conduct, the evidence did not influence the verdict. Accordingly, there was no prosecutorial misconduct. *Randall.* This claim fails.

 ¶ 12 Next, Appellant asserts that the trial court erred by failing to conduct an on-the-record colloquy regarding Appellant's waiver of his right to testify. Issues not raised to the trial court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). "In order to preserve an issue for review, a party must make a timely and specific objection." *Brown,* 701 A.2d at 254. The record reflects that Appellant did not object to the trial court's failure to conduct a colloquy regarding waiver of Appellant's right to testify.[3] Therefore, Appellant failed to preserve this issue for appeal. This claim fails.

 ¶ 13 Finally, Appellant alleges that his convictions for sexual assault and statutory sexual assault should have merged for sentencing purposes. A claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law. *Commonwealth v. Collins,* 564 Pa. 144, 764 A.2d 1056, 1057 n. 1 (2001). Accordingly, our standard of review is plenary. *Id.*

¶ 14 Our Supreme Court announced the principles of merger in *Commonwealth v. Anderson,* 538 Pa. 574, 650 A.2d 20 (1994).[4] In *Anderson,* the Court stated:

We now hold that in all criminal cases, the same facts may support multiple convictions and separate sentences for each conviction except in cases where the offenses are greater and lesser included offenses. "The same facts" means any act or acts which the accused has performed and any intent which the accused has manifested, regardless of whether these acts and intents are part of one criminal plan, scheme, transaction or encounter, or multiple criminal plans, schemes[,] transactions or encounters.

---

3. We note that there is no requirement that the trial court conduct an on-the-record colloquy when a defendant waives his right to testify. *See, Commonwealth v. Todd,* 820 A.2d 707, 712 (Pa.Super.2003). Also, we note that, in his brief, Appellant admits that he discussed with his counsel whether or not he should testify. Appellant's Brief at 20.

4. We note our Supreme Court's recent decision in *Commonwealth v. Gatling,* 570 Pa. 34, 807 A.2d 890 (2002). In *Gatling,* the opinion announcing the judgment of the court clarified new rules regarding merger of crimes for sentencing purposes. However, the opinion is a plurality as a majority of the sitting justices failed to join the opinion. *See, Commonwealth v. Cooper,* 710 A.2d 76, 79 (Pa.Super.1998) (an opinion only creates binding precedent insofar as it commands a majority of judges voting both as to the disposition and the principle of law expressed). Accordingly, we do not view *Gatling* as binding precedent; rather, we follow the rules established by prior precedent, *i.e., Anderson,* which has not been overturned.

In other words, it does not matter for purposes of merger whether one regards [a defendant's] striking [a] customer and kidnapping him as one encounter or as two encounters, for the same facts, i.e., striking the victim with a gun, may be used to satisfy the force requirements of at least two crimes, kidnapping and aggravated assault, and the sentences for each will not merge because these crimes are not greater and lesser included offenses.

Our concern, as we pointed out in [*Commonwealth v.*] *Weakland*, [521 Pa. 353, 555 A.2d 1228 (1989),] is to avoid giving criminals a "volume discount" on crime. If multiple acts of criminal violence were regarded as part of one larger criminal transaction or encounter which is punishable only as one crime, then there would be no legally recognized difference between a criminal who robs someone at gunpoint and a criminal who robs the person and during the same transaction or encounter pistol whips him in order to effect the robbery. But in Pennsylvania, there is a legally recognized difference between these two crimes. The criminal in the latter case may be convicted of more than one crime and sentences for each conviction may be imposed where the crimes are not greater and lesser included offenses. *Id.* at 22.

■ ¶ 15 To determine whether offenses are greater and lesser included offenses, we compare the elements of the offenses. If the elements of the lesser offense are all included within the elements of the greater offense and the greater offense has at least one additional element, which is different, then the sentences merge. *Anderson*, 650 A.2d at 24. If both crimes require proof of at least one element that the other does not, then the sentences do not merge. *Id.*

■ ¶ 16 In addition to analyzing whether the convictions are greater and lesser included offenses, the underlying factual circumstances must also be considered. *Commonwealth v. Comer*, 552 Pa. 527, 716 A.2d 593, 599 (1998). If the two offenses are mutually exclusive and the same evidence could not possibly have satisfied the distinct elements of the two crimes, then this Court is not permitted to view the circumstances so broadly as to redefine the elements of each crime. *Collins*, 764 A.2d at 1059.

¶ 17 Our review of the record reflects the following. Appellant was convicted of both statutory sexual assault and sexual assault. The Crimes Code defines sexual assault as follows:

§ 3124.1 Sexual assault

Except as provided in section 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent.

18 Pa.C.S.A. § 3124.1.

¶ 18 The Crimes Code defines statutory sexual assault as follows:

§ 3122.1 Statutory sexual assault

Except as provided in section 3121 (relating to rape), a person commits a felony of the second degree when that person engages in sexual intercourse with a complainant under the age of 16 years and that person is four or more years older than the complainant and the complainant and the person are not married to each other.

18 Pa.C.S.A. § 3122.1.

■ ¶ 19 Statutory sexual assault and sexual assault are not greater and lesser included offenses. Statutory sexual as-

sault requires proof of at least one element that sexual assault does not, *i.e.*, that the complainant is under 16 years of age, that the perpetrator is at least four years older than the complainant, and that the complainant and the perpetrator are not married. Sexual assault requires proof of one element that statutory sexual assault does not, *i.e.*, that the complainant did not consent. Since both crimes require proof of at least one element that the other does not, the crimes are not greater and lesser included offenses. *Anderson.*

¶ 20 Also, the crime of statutory sexual assault is distinct from the crime of sexual assault. To prove statutory sexual assault, consent is not an issue; rather, the evidence must show that the complainant was under 16 years of age and the perpetrator was at least four years older. To prove sexual assault, the evidence must show that the complainant did not consent. Also, statutory sexual assault requires evidence that the complainant and the perpetrator were not married, while sexual assault does not require such evidence. The fact that the act of sexual intercourse supports an element in each crime does not warrant merging of the sentences when other mutually exclusive elements of the crimes remain. *Collins,* 764 A.2d at 1059.

¶ 21 Appellant argues that sexual assault is a lesser included offense of statutory sexual assault. Appellant asserts that the terms "under 16 years" and "without consent" are synonymous. Therefore, according to Appellant, all elements of sexual assault are included in the elements for statutory sexual assault. We disagree.

¶ 22 The General Assembly instructs that "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.

C.S.A. § 1921(b). Also, the Crimes Code itself requires that "[t]he provisions of this title shall be construed according to the fair import of their terms." 18 Pa.C.S.A. § 105. When language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and common meaning. *Commonwealth v. Irwin,* 769 A.2d 517, 521 (Pa.Super.2001).

¶ 23 Pursuant to the above rules of statutory construction, "under 16 years" and "without consent" cannot be deemed synonymous. First, if the General Assembly intended "under 16 years" to mean "without consent," there would have been no need to utilize different phrases. Second, proof of one element does not necessarily constitute proof of the other element. Sexual assault is proven if the intercourse occurred without the complainant's consent, regardless of the complainant's age. Therefore, proof that the complainant did not consent to the intercourse would not prove that the complainant is under the age of 16. To prove that the complainant is under the age of 16, the Commonwealth would have to produce evidence regarding the complainant's age. Third, the General Assembly specifically excluded rape from the statutory sexual assault statute but failed to exclude sexual assault. From this it may be inferred that the General Assembly wished that a defendant may be convicted of both crimes based on the same conduct. If the Legislature desired that one act could not support statutory sexual assault and sexual assault, it could have expressly excluded sexual assault as it expressly excluded rape; however, the Legislature did not do this.

¶ 24 Finally, the terms "under 16 years" and "without consent" serve two different governmental interests. While performing a constitutional examination of Section 3122.1 for compliance with the equal protection clause, our Supreme Court ob-

served that the General Assembly had a rational basis for the legislation. *Commonwealth v. Albert,* 563 Pa. 133, 758 A.2d 1149 (2000). The Court first noted the Commonwealth's assertion regarding the General Assembly's basis for the legislation as follows:

> ... The Commonwealth submits that the Legislature properly recognized that unfair advantages of more mature individuals allow them the ability to take advantage of younger less experienced children. The onus of sexual responsibility must be placed on the older more mature individual in the relationship. **Consent is not an issue. The physical and psychological protection of young children is at issue**. But at the same time, the Legislature was cognizant of the fact that there is an overlapping in social crowds between younger teenagers under 16 years of age and older teenagers over 16 years of age that should not warrant immediate criminalization of sexual contact between them.

*Id.* at 1153 (emphasis added).

¶ 25 The Court then noted its agreement with interpretation of the General Assembly's basis for criminalizing certain sexual contact between younger teenagers and older teenagers or adults.

> We agree with the Commonwealth that the subject legislation serves a legitimate state interest, i.e., to protect minors younger than 16 years of age from older teenage and adult sexual aggressors. Such an interest recognizes that older, more mature individuals are in a position that would allow them to take advantage of the immaturity and poor judgment of very young minors. Moreover, we believe that the subject legislation is reasonably related to accomplishing such interest. The legislation is

specifically tailored to prevent older teens and adults from preying upon very young minor victims, while recognizing that persons closer in age may be involved in lawful social and sexual relationships.

*Id.* at 1154.

¶ 26 Thus, our Supreme Court has explained that the governmental interest sought to be protected by the statutory sexual assault statute is in protecting younger minors from the degradations of older, more mature individuals, even if the minors consent to the sexual conduct. The sexual assault statute, by contrast, protects individuals of any age from sexual intercourse against their will.

¶ 27 Since the terms "under 16 years" and "without consent" represent different concepts and require different proof, the terms cannot be viewed as synonymous. Also, the Commonwealth, by seeking separate convictions pursuant to each statute, is guarding two different governmental interests. Therefore, the crime of sexual assault is not a lesser included offense of the crime of statutory sexual assault.

¶ 28 There is support for this conclusion in our Supreme Court's decision in *Commonwealth v. Rhodes,* 510 Pa. 537, 510 A.2d 1217 (1986). In *Rhodes,* the defendant committed a single act of intercourse with the victim, an eight-year-old girl. The defendant was convicted and sentenced for, *inter alia,* rape and statutory rape.[5] This Court held that the evidence was insufficient to support the rape conviction. Our Supreme Court reversed. The *Rhodes* Court rejected the determination that "an act of sexual intercourse with a victim who is under the age of fourteen years cannot constitute rape as well as statutory rape where the elements of each distinct offense have been proven beyond a

---

**5.** Statutory rape is now statutory sexual assault. 18 Pa.C.S.A. § 3122.1.

reasonable doubt." *Id.* at 1229. The Court also reasoned that,

> [Neither] the double jeopardy principles [nor] the doctrine of merger of lesser included offenses prohibit the conviction and sentence for both rape and statutory rape arising from a single act of sexual intercourse.... the Commonwealth has suffered two injuries from [the defendant's] single act in that he not only engaged in sexual intercourse by forcible compulsion, the threat of forcible compulsion, and with a victim so mentally deficient as to be incapable of consent, he has also engaged in such acts with a victim under the statutory age of fourteen while he was older than eighteen. **The separate injuries are proscribed by separate offenses with distinct elements.**

*Id.* at 1229–1230 (emphasis added).

¶ 29 Although *Rhodes* was decided under a different version of the Crimes Code, the holding clearly recognized the distinct interests sought to be protected by criminalizing rape and statutory rape.

¶ 30 The factual circumstances in the instant case support the imposition of separate sentences for sexual assault and statutory sexual assault. Appellant's conviction and sentence for sexual assault is supported by the fact that the victim did not consent to the sexual intercourse. Appellant's conviction for statutory sexual assault is supported by the fact that the victim was under 16 years of age and Appellant was at least four years older than the victim. Therefore, as there are two distinct facts which support the two sentences, merger is not warranted.

¶ 31 To hold that Appellant is subject to separate sentences for his convictions also protects the concern enunciated by the *Anderson* Court against giving criminals a "volume discount." The General Assembly sought to protect young minors from the negative ramifications of premature sexual experiences even if the minor consents to the encounter. This interest is distinct from the protections against non-consensual sexual encounters embodied in Section 3124.1. If sentences for sexual assault and statutory sexual assault merged then there would be no legally recognized difference between the two crimes. As in *Anderson,* we must prevent the "volume discount" for a sexual assault upon a person under 16 years of age. The instant disposition furthers this goal.

¶ 32 Accordingly, we hold that the crimes of statutory sexual assault and sexual assault are not greater and lesser included offenses. We also hold that the factual circumstances of this case do not require merger of Appellant's sentences. Accordingly, the trial court did not err in failing to merge Appellant's sentences for statutory sexual assault and sexual assault. This claim fails.

¶ 33 Judgment of sentence affirmed.