J-S53004-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
             Appellee :
:
             v. :
:
AVON CONSTANT QUIERO, JR., AKA :
AVON CONSTANTIN QUIERO, JR., :
:
             Appellant : No. 2039 MDA 2014

Appeal from the Judgment of Sentence June 18, 2014,
Court of Common Pleas, Lebanon County,
Criminal Division at No. CP-38-CR-0001570-2012

BEFORE:  DONOHUE, OTT and MUSMANNO, JJ.

MEMORANDUM BY DONOHUE, J.: **FILED AUGUST 17, 2015**

Avon C. Quiero ("Quiero") appeals from the judgment of sentence entered following his convictions of two counts of robbery, 18 Pa.C.S.A. § 3701.  Following our review, we affirm.

The trial court summarized the factual history underlying his appeal as follows:

> On October 2, 2012, the Wachovia Bank at 801 Cumberland Street, Lebanon City, Lebanon County, Pennsylvania was robbed.  The [r]obber handed a note written on a social security card to Irma Calero-Haser (herein "Haser"), a teller, which said that he had a gun and demanded that she empty her drawer.  Haser followed the instructions and gave the robber the money.  Haser testified that she saw metal on him and that she believed that he did have a gun.  The robber put the money in his pocket and exited the Bank through the front, side door.

Haser told her co-worker, Danielle Peachy (herein "Peachy"), what had happened. Peachy was working the drive through window and saw the robber through the drive through window, he was about four feet away from the window. As the supervisor on duty, Peachy shut down the bank and notified police. When the police arrived, both women gave a description of the robber. Haser described the robber as male, tall, Hispanic, wore a hat, and husky/chubby. At trial, Haser testified that she is five foot, two inches tall, so any one [sic] taller than her is "tall." Peachy described the robber as a husky Hispanic male wearing a hat.

Later that day, Peachy was shown a photo array by Sargent [sic] John Hess (herein "Sgt. Hess") of the Lebanon City Police. Peachy identified [Quiero] as the man who had committed the robbery. Haser was not able to identify anyone from the photo array on that day. Peachy gave police access to the surveillance video.

Trial Court Opinion, 10/17/14, at 4.

Quiero was subsequently arrested in connection with this robbery. After numerous continuances, Quiero's jury trial occurred on May 8, 2014. Quiero represented himself at trial and a court-appointed attorney, Elizabeth Judd, Esquire, acted as stand-by counsel. He was convicted of two counts of robbery and sentenced to six to twenty years of incarceration. Quiero filed a post-sentence motion, which the trial court denied after a hearing. This timely appeal followed.

Quiero presents the following four issues for our review:

[1.] Did the court err in its assessment of the need of [the] Commonwealth to establish an independent basis for victims['] in-court identification?

[2.] Did the Honorable Charles Jones['] refusal to recuse himself after making prejudicial statements against [Quiero] violate defense right [sic] to a fair trial?

[3.] Did [the] court abuse its discretion by preventing [the] defense from arguing lack of clothing, money and other physical evidence?

[4.] Did stand by [sic] counsel Elizabeth Judd's failure to comply with court order to provide [the] defense separate DNA testing and future misrepresentation of said testing violate [the] defense['s] due process rights?

Quiero's Brief at 2.

First, Quiero argues that the trial court erred in allowing Haser and Peachy to make in-court identifications of Quiero. The basis for this claim is Quiero's allegation that both women's identifications were the result of the police officers' suggestiveness. He argues that Pennsylvania Rule of Criminal Procedure 581(I) "requires the [trial] [c]ourt to record on the record finding[s] regarding alleged suggestiveness" of the witnesses' identification and that where suggestiveness is found, it "requires the Commonwealth to establish an independent basis for [the] identification[s]." Quiero's Brief at 6. He concludes that the witnesses' "in-court id's [sic] are tainted and by law must be suppressed. They prejudiced the defense and a new trial is warranted." *Id.* at 7.

The record reveals that Quiero did not raise the argument he advances now (that the trial court erred by failing to comply with the requirements of

Rule 581(I)) at any time before the trial court. *See* N.T., 5/8/14, at 18-19; Motion for a New Trial, 7/9/14, ¶ 11. "[A] new and different theory of relief may not be successfully advanced for the first time on appeal." *Commonwealth v. Santiago*, 980 A.2d 659, 666 n.6 (Pa. Super. 2009); *see also Commonwealth v. Duffy*, 832 A.2d 1132, 1136 (Pa. Super. 2003) ("[A]n appellant may not raise a new theory for an objection made at trial on his appeal."); Pa.R.A.P. 302. Because Quiero did not raise this theory of relief before the trial court, we will not entertain it on appeal.[1]

Next, Quiero contends that the trial court erred in denying his motion for recusal. Our Rules of Appellate Procedure require that each issue an appellant raises must be supported by discussion and analysis of relevant authority. *See* Pa.R.A.P. 2119. Quiero has failed to do meet these requirements. *See* Quiero's Brief at 7. It is well established that this court will not become the counsel for an appellant and develop arguments on an appellant's behalf. *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006). Accordingly, we conclude that Quiero has waived this issue. *See Commonwealth v. Hunzer*, 868 A.2d 498, 516 (Pa. Super. 2005) (holding that an appellant waived a claim where he failed to cite any legal

---

[1] Even if we were not to find this issue waived, it would afford Quiero no relief because his reliance on Rule 581 is misplaced. Quiero is challenging the witnesses' in-court identification of him, but Rule 581 governs the motions practice for seeking suppression of evidence prior to trial. *See* Pa.R.Crim.P. 581. Quiero never filed a motion seeking to suppress witness identifications, and so the requirements of Rule 581 are not applicable.

authority in support of an argument in his appellate brief); ***Commonwealth v. Ellis***, 700 A.2d 948, 957 (Pa. Super. 1997) (holding waiver results if an appellant fails to properly develop an issue or cite to legal authority to support his contention in his appellate brief).

In his third issue, Quiero contends that the trial court erred by refusing to let him argue to the jury that the police never recovered clothes or money from him that would connect him with the robbery. Quiero's Brief at 7-8. Again, Quiero fails to develop this argument with citation to, or discussion of, relevant authority. In support of this claim, Quiero provides only the definition of relevant evidence and then baldy states, "This was an abuse of discretion." ***Id.*** at 8. Accordingly, we find this issue waived, as well.

Finally, Quiero argues that Attorney Judd was ineffective for failing to have the state police perform DNA testing on his behalf; he contends that he is "legally entitled" to this testing, and that "by law [it] must be done by the [s]tate [p]olice." Quiero's Brief at 9. In 2002, the Pennsylvania Supreme Court created a bright-line rule that claims of ineffective assistance of counsel must be deferred until collateral appeal. ***Commonwealth v. Grant***, 813 A.2d 726, 738 (Pa. 2002). More recently, that court delineated two exceptions to the ***Grant*** rule:

> First, … trial courts retain discretion, in extraordinary circumstances, to entertain a discrete claim of trial counsel ineffectiveness if the claim is both apparent from the record and meritorious, such that immediate consideration best serves the interest of

> justice. Second, … trial courts also have discretion to entertain prolix claims of ineffectiveness if there is a good cause shown and the unitary review thus permitted is accompanied by a knowing and express waiver by the defendant of the right to pursue a first PCRA petition.

***Commonwealth v. Arrington***, 86 A.3d 831, 856-57 (Pa. 2014) (discussing ***Commonwealth v. Holmes***, 79 A.3d 562 (Pa. 2013)).

There is no indication in the record that the trial court did considered these exceptions; indeed, in its opinion, the trial court only notes that "as a general rule" such claims should be deferred until collateral review, but then considers the merits of the claim without any recognition of the ***Holmes*** exceptions. Trial Court Opinion, 10/17/14, at 9-10. Accordingly, we dismiss Quiero's claim of ineffective assistance of counsel without prejudice for him to raise it on collateral appeal. ***See Commonwealth v. Burno***, 94 A.3d 956, 971 (Pa. 2014) (dismissing claims of ineffective assistance of counsel without prejudice to raise on collateral appeal where trial court addressed merits of ineffectiveness claims raised in post-sentence motions without considering applicability of ***Holmes*** exceptions).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/17/2015

- 6 -