J-S18028-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DERRICK ELLIOT, | : | |
| | : | |
| Appellant | : | No. 1431 WDA 2017 |

Appeal from the PCRA Order September 12, 2017
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0014878-2010

BEFORE:  STABILE, J., MUSMANNO, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY MUSMANNO, J.:              FILED JUNE 15, 2018

Derrick Elliot ("Elliot") appeals from the Order dismissing his first

Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]

We affirm.

This Court previously summarized the factual and procedural history of

this case as follows:

> On March 7, 2009, Melvin Duncan, Jr. [("Duncan")], Tezjuan
> Taylor [("Taylor")], and Lamar Patrick [("Patrick")] drove to the
> Crawford Village in McKeesport in a stolen red Honda car, and
> stopped the vehicle near a basketball court.  Patrick was in the
> driver's seat, Taylor was in the front passenger seat, and Duncan
> was in the back seat standing up through the sunroof.  Elliot was
> in the nearby basketball court.  When [Elliot] saw the red car, he
> picked up a gun and, while walking in the parking lot adjoining the
> court, began firing shots at the car.  One of the bullets struck
> Duncan, and he fell back into the car as Patrick drove away
> quickly.  [Patrick] stopped the car on a dead[-]end street, where
> he and Taylor pulled Duncan out of the car and placed him on the

_____

[1] See 42 Pa.C.S.A. §§ 9541-9546.

ground before fleeing on foot. The City of McKeesport Police Department later received a call reporting that a stolen car had been located. When the police responded to the location, they found Duncan lying beside the passenger side of the vehicle. He was pronounced dead shortly thereafter.

Allegheny County police investigators responded to the scene of the Crawford Village shooting. The police recovered seven shell casings from the parking lot adjacent to the basketball courts; testing revealed that they had all been fired from the same gun. The police did not recover the weapon. The caliber of shell casings found at Crawford Village was the same as the caliber of the casing removed from Duncan's body.

Several witnesses identified Elliot as the shooter. Jameelah Miller [("Miller")], an eyewitness, told police that when the shooting started, everyone hit the ground—except Elliot[,] who remained standing with a gun in his hand, shooting toward the car. Derrick Walker [("Walker")] told police that Elliot had confessed to him that he had shot at the car. Patrick identified Elliot in a photo array as someone who "jumped out at him," and told investigators that the shooter's name was "Derrick." Trial Court Opinion, dated 9/3/14, at 6. Elliot was arrested and charged with the aforementioned crimes.

At Elliot's [non-jury] trial, Patrick and Walker withdrew their prior statements made to police. Patrick testified that he had never positively identified Elliot from the photo array as the shooter and stated that Elliot was not the shooter. Taylor testified that he did not see the shooter, did not know Elliot, and did not see Elliot at the scene of the crime. Walker testified that he did not have a conversation with [Elliot]. The [trial] court admitted Patrick's prior statement, as well as a video of Walker's interview with investigating officers in which Walker told officers that Elliot had told him that he was the shooter. [] Miller testified in detail about the circumstances leading up to and including the shooting. She also stated that she did not hear gunshots coming from anywhere else in the area and "[s]he was emphatic that there was only one person shooting, and that the shooter was Derrick Elliot, the Defendant." Id. at 6-7. She also testified that threats had been made against her prior to trial and she had been placed in a witness protection program.

- 2 -

        The [trial] court found Elliot guilty of third-degree murder
    and [a] firearms offense.  He was subsequently sentenced to a
    term of 12½ to 25 years' incarceration for the homicide conviction
    and to a consecutive term of 3½ to 7 years' incarceration for the
    firearms conviction.

Commonwealth v. Elliot, 122 A.3d 453 (Pa. Super. 2015) (unpublished

memorandum at 1-4) (footnote omitted).

This Court affirmed Elliot's judgment of sentence, after which the

Pennsylvania Supreme Court denied allowance of appeal.  See id., appeal

denied, 2016 Pa. LEXIS 730 (Pa. 2016).

On December 17, 2015, Elliot filed pro se correspondence alleging

ineffectiveness of direct appeal counsel, which the PCRA court treated as a

timely, first PCRA Petition.  The PCRA court appointed Elliot PCRA counsel

(hereinafter "PCRA counsel").  PCRA counsel filed an Amended PCRA Petition

alleging that Elliot's trial counsel was ineffective for failing to impeach the

testimony of Miller.

PCRA counsel thereafter filed a second Amended PCRA Petition.

Therein, PCRA counsel (1) attached an Affidavit (hereinafter, the "Affidavit"),

executed by Miller on April 6, 2017, wherein she recanted her identification of

Elliot as the shooter and identified another man; and (2) requested an

evidentiary hearing concerning this after-discovered evidence.

At the September 12, 2017 evidentiary hearing (hereinafter, the "PCRA

Hearing"), Miller retracted her allegations in the Affidavit, via her appointed

counsel.[2] Concerning Miller's retraction, PCRA counsel stated as follows at the PCRA hearing:

> By way of procedural background, Your Honor, when I had [] Miller subpoenaed for a separate PCRA proceeding raising similar -- that she recanted a prior identification, I spoke with [] Miller[,] at which time she told me that she had been either threatened or intimidated into making those statements, at which time[,] pursuant to my ethical responsibilities as an attorney[,] I petitioned this court for the appointment of counsel for [] Miller[,] and [counsel] was appointed to represent her.
>
> It is my understanding[,] in a prior conversation with [Miller's counsel,] that [Miller] does not intend to testify and that she would maintain that her signature or [A]ffidavit [sic] was the product of coercion.

N.T., 9/12/17, at 4; see also id. at 5 (wherein Miller's counsel stated that Miller "believes the whole [A]ffidavit to recant is false and her original testimony would be her testimony at this time.").

At the close of the PCRA Hearing, the PCRA court entered a Memorandum Order dismissing Elliot's first Petition. Elliot then filed the instant timely appeal, followed by a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Elliot now presents the following question for our review: "Did the [PCRA] court err when it dismissed [Elliot's] PCRA [P]etition alleging after-discovered evidence[,] without placing ... Miller under oath to testify relative

_____

[2] Though Miller was present at the PCRA hearing, she never testified.

to her [A]ffidav[]it[,] in which she recanted her identification of [Elliot?]" Brief

for Appellant at 9.

Elliot summarizes his claim as follows:

The [PCRA] court erred when it did not require [] Miller to testify under oath relative to the ... Affidavit. As the [PCRA] court noted in its [Memorandum Order,] it placed a great deal of credibility on [] Miller's testimony,[3] especially when other witnesses [had] recanted their testimony and identifications of [Elliot at trial]. The fact that the [PCRA] court placed a great deal of weight on [] Miller's testimony[,] combined with the fact that she authored a[n] Affidavit recanting same[,] demonstrates that the [PCRA] court committed reversible error when it did not require [] Miller to testify under oath.

Id. at 12 (footnote added).[4]

_____

[3] Specifically, the PCRA court addressed Elliot's claim as follows:

[W]ith respect to [Elliot's] after-discovered evidence claim, [Elliot] cannot meet his burden of proving he is entitled to relief on this claim because the Affidavit which forms the basis for the claim has since been recanted by [Miller]. Indeed, although [Elliot] submitted an Affidavit from [] Miller[,] wherein she purportedly sought to recant her trial testimony, [] Miller thereafter claimed, by way of counsel, that the statements in the Affidavit were false, that they were not her statements, and that her signature on said Affidavit was coerced. [] Miller further represented that she stood by her trial testimony wherein she identified [Elliot] as the shooter. This court presided over [Elliot's] non-jury trial and it found her trial testimony to be credible and worthy of belief. Accordingly, because [] Miller has represented that the statements made in the Affidavit were false, and that her signature on the Affidavit was coerced, [Elliot's] after-discovered claim is without merit and does not warrant PCRA relief.

PCRA Court Memorandum Order, 9/12/17, at 2-3.

[4] Elliot does not identify the relief he seeks.

When reviewing an order [denying] PCRA relief, we must determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. Moreover, we will not disturb the findings of the PCRA court unless those findings have no support in the certified record.

Commonwealth v. Rivera, 154 A.3d 370, 377 (Pa. Super. 2017) (en banc) (citations and quotation marks omitted).

Preliminarily, we must address whether Elliot has preserved his challenge for appellate review. It is well established that "the failure to make a timely and specific objection before the trial court at the appropriate stage of the proceedings will result in waiver of the issue." Commonwealth v. Houck, 102 A.3d 443, 451 (Pa. Super. 2014); see also Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal."); Commonwealth v. Duffy, 832 A.2d 1132, 1137 (Pa. Super. 2003) (holding claim that trial court erred by failing to conduct an on-the-record colloquy regarding the defendant's right to testify was waived for failure to make a timely and specific objection at trial).

Here, PCRA counsel never objected to Miller's failure to testify under oath at the PCRA Hearing, nor did he seek to cross-examine her.[5]

_____

[5] Indeed, as mentioned above, PCRA counsel expressly noted at the PCRA Hearing that Miller "did not intend to testify and that she would maintain that her signature or [A]ffidavit [sic] was the product of coercion." N.T., 9/12/17, at 4.

- 6 -

Consequently, Elliot has waived his sole allegation of PCRA court error on appeal. See Houck, supra.

Accordingly, we conclude that the PCRA court properly determined that Elliot is not entitled to collateral relief and dismissed his first PCRA Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/15/2018