J-S32014-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
SARAH ANN BRIGGS :
:
Appellant : No. 184 MDA 2017

Appeal from the Judgment of Sentence December 5, 2016
In the Court of Common Pleas of Susquehanna County
Criminal Division at No(s):  CP-58-CR-0000082-2015

BEFORE:   PANELLA, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY PANELLA, J.:                **FILED DECEMBER 10, 2018**

Sarah Ann Briggs appeals the life sentence imposed on her by the Susquehanna Court of Common Pleas. She claims the trial court erred when it refused to instruct the jury on involuntary manslaughter and when it permitted evidence of a suicide pact, which she claims resulted in unfair prejudice. Finding both issues waived, we affirm.

Briggs and her boyfriend, Jerry Mast, abused drugs and experienced lives of disarray. They had two children, but one had been removed from their custody. Briggs was pregnant. The couple had even recently discussed committing suicide. And waking up on the morning of February 10, 2015, the couple was in desperate need to get money to buy drugs to feed their habit.

Briggs concocted a plan to rob her only remaining friend and sometime lover, Roy Marvin. The couple would then use the proceeds to buy drugs and commit   suicide   by   overdosing.   The   objective   seemed   to   them

_____
* Retired Senior Judge assigned to the Superior Court.

straightforward—rob Marvin, steal his car, buy drugs, and use the drugs to overdose—but then Briggs, in her drug-addled mind, considered the aftermath. Obviously, Marvin would report them to the authorities after the robbery. So, Briggs suggested they kill Marvin during the robbery. Mast accepted that plan. And they then hatched their scheme.

The plan called for asking Marvin to go on a "smoke ride," a ride where they would drive around and smoke marijuana. Marvin agreed to pick up the couple. When he arrived, Briggs and Mast each had weapons secreted on them. Briggs had a steak knife; Mast had a folding knife. All Marvin had was his car, some pocket money, and hopes of getting high with his friends.

Marvin eventually pulled off the road and was packing a pipe with marijuana as Mast, seated behind Marvin, took out his folding knife and tried to embed it in Marvin's head. While Mast held up his end of the plan, Briggs held up hers. She took out the steak knife and plunged it into Marvin's chest. Marvin opened his car door and fell out, but got back up. When he reached his feet, Mast, who by this time was out of the car, continued to stab him. Marvin ran, but Briggs chased him down and stabbed him some more. Ultimately, Marvin collapsed.

Mast tried to drag Marvin across the road, but could not do it by himself. Briggs helped, and the pair succeeded in dragging Marvin across the road. Briggs searched Marvin's pockets and found some money. They then pitched him over an embankment.

The couple took Marvin's car and drove to their drug dealer. After buying and using drugs, they penned suicide notes that they left at the home of Mast's mother. The couple then napped in the stolen car, but were awakened by police and taken into custody. Unbeknownst to the couple, they left behind proof of their involvement at the crime scene.

Marvin died of the stab wounds and exposure.

Prior to trial, Mast accepted responsibility for his part in murdering Marvin and pleaded guilty to third-degree murder. Part of his plea agreement provided that he would testify against Briggs at her trial. And he did, offering extensive testimony about the plot and their suicide pact. The Commonwealth also presented several other witnesses and forensic evidence linking Briggs to the murder. A jury convicted Briggs of first-degree murder and several other crimes. The trial court imposed the mandatory sentence of life without the possibility of parole. This timely appeal follows.

Briggs first argues the trial court erred by not instructing the jury on involuntary manslaughter. We need not reach the merits of this issue as Briggs has failed to preserve it for our review.

After instructing the jury, the trial court asked, "[A]re there any objections to the court's charge?" N.T., Trial, 11/9/16, at 287. At sidebar, Briggs's attorney brought a problem with the charge to the court's attention, *see id*., but it had nothing to do with the failure to instruct the jury on involuntary manslaughter. And counsel lodged no other objections.

Prior to the court's instructing the jury, Briggs requested the court read an involuntary manslaughter charge. She contends in her brief that this pre-instruction request preserved the issue for our review. **See** Appellant's Brief, at 29. It did not. "No portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate." Pa.R.Crim.P. 647(C). **See also Commonwealth v. Gwynn**, 723 A.2d 143, 152 (Pa. 1998) ("A defendant's failure to challenge the jury instruction before the jury retires to deliberate prevents appellate review.") By failing to object to the omission of the involuntary manslaughter charge, Briggs cannot now claim the trial court committed error.

In her second, and final, issue, Briggs argues the trial court erred in admitting evidence of a suicide pact, through Mast's testimony. She maintains the danger of unfair prejudice outweighs the probative value of this evidence. Once again, we are unable to reach the merits of this issue, as Briggs has not preserved it for our review.

Briggs's argument concerns a motion *in limine* filed by the Commonwealth. The Commonwealth filed the motion to obtain a ruling on the admissibility of the testimony of Lovina Mast, Jerry's mother, concerning suicide notes authored by Briggs that she found in her mailbox. The trial court held a hearing on this motion.

At the hearing, the Commonwealth stated, "we'll look to admit the testimony of Lovina Mast" and then outlined her proposed testimony and

explained that the testimony about the suicide notes was relevant to prove motive. N.T., 11/1/16, at 3. Briggs responded that the "whole theory" of motive "is based on Jerry Mast's compromised testimony." *Id*., at 6. By "compromised," Briggs meant that Mast had pleaded guilty and agreed to testify against her "to get a better deal." *Id*., at 7. Briggs then argued Jerry's testimony would be unduly prejudicial as she was pregnant at the time of the murder. *See id*.

Ultimately, the trial court reserved ruling on the motion until trial, explaining, "I have no idea what the testimony's gonna be[.]" *Id*., at 17. The court informed Briggs that it understood her position and that her objection was on the record. *See id*. At trial, Briggs lodged just one objection during Jerry's testimony and it did not concern his testimony about the suicide pact and the letters. *See* N.T., Trial, 11/8/16, at 54-55.

Briggs believes she preserved this issue by, in effect, objecting to Jerry's testimony at the motion *in limine* hearing. *See* Appellant's Brief, at 29. We disagree. "Once the court rules definitively on the record--either before or at trial--a party need not renew an objection or offer of proof to preserve a claim of error for appeal." Pa.R.E. 103(b) **Not Needing to Renew an Objection or Offer of Proof**. Here, the trial court did not issue a definitive ruling at the motion *in limine* hearing; it *reserved* its ruling for trial. Thus, Briggs's objection at the motion *in limine* hearing did not preserve this issue.

And during Jerry's testimony at trial, Briggs did not object to his testimony about the suicide pact or the suicide notes. "In order to preserve

an issue for review, a party must make a timely and specific objection." ***Commonwealth v. Duffy***, 832 A.2d 1132, 1136 (Pa. Super. 2003) (citation omitted). ***See also Commonwealth v. Foreman***, 797 A.2d 1005, 1016 (Pa. Super. 2002) ("In the absence of an appropriate objection made when the evidence is proffered at trial, the issue is not preserved for appeal and the applicable rule of evidence is waived."); ***cf***. ***Blumer v. Ford Motor Co.***, 20 A.3d 1222, 1232 (Pa. Super. 2011) ("[I]f the trial court defers ruling on a motion *in limine* until trial, the party that brought the motion must renew the objection at trial or the issue will be deemed waived on appeal.") Briggs's failure to object at trial results in the waiver of this issue.

Judgment of sentence affirmed.

Judge Nichols joins the memorandum.

Judge Platt concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/10/2018</u>