J. A17035/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| ALAN THOMPSON, | : | No. 3192 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered September 13, 2018,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0002015-2016

BEFORE: BOWES, J., McCAFFERY, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JULY 13, 2020**

Alan Thompson appeals from the September 13, 2018 aggregate judgment of sentence of life imprisonment imposed after a jury found him guilty of first-degree murder and possessing an instrument of crime ("PIC").[1] After careful review, we affirm the judgment of sentence.

The facts of this case were accurately summarized by the trial court in its November 14, 2019 opinion and need not be reiterated here. (***See*** trial court opinion, 11/14/19 at 2-5.) The relevant procedural history of this case, as gleaned from the certified record, is as follows: On March 1, 2016, appellant was charged with first-degree murder and PIC in connection with the February 2015 shooting death of Jamal Conner ("the victim") in Philadelphia. Appellant proceeded to a jury trial on September 11, 2018. At

---

[1] 18 Pa.C.S.A. §§ 2502(a) and 907(a), respectively.

trial, appellant testified in his own defense and acknowledged that he shot the victim six times, but alleged that he acted in self-defense. (Notes of testimony, 9/12/18 at 171-177.) Following a two–day trial, the jury found appellant guilty of the aforementioned offenses on September 13, 2018. That same day, the trial court sentenced appellant to an aggregate term of life-imprisonment. Appellant did not file any post-sentence motions. This timely appeal followed.[2]

Appellant raises the following issues for our review:

[1.] Did the trial court commit an abuse of discretion by denying appellant's motion for a mistrial?

[2.] Did the trial court commit an abuse of discretion when it overruled an objection to a comment made by the Prosecutor[3] during her closing speech?

Appellant's brief at 3 (full capitalization omitted).

Appellant first argues that the trial court abused its discretion in denying his motion for a mistrial "after the prosecutor openly advised the jury that appellant was then in custody thereby prejudicing appellant by permitting the jury to infer that [he] was dangerous." (*Id.* at 14.)

> It is well[]settled that the review of a trial court's
> denial of a motion for a mistrial is limited to

---

[2] On August 6, 2019, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on August 14, 2019, the trial court filed its Rule 1925(a) opinion on November 14, 2019.

[3] Assistant District Attorney Alyssa Shver.

> determining whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will . . . discretion is abused. A trial court may grant a mistrial only where the incident upon which the motion is based is of such a nature that its unavoidable effect is to deprive the defendant of a fair trial by preventing the jury from weighing and rendering a true verdict. A mistrial is not necessary where cautionary instructions are adequate to overcome prejudice.

*Commonwealth v. Brooker*, 103 A.3d 325, 332 (Pa.Super. 2014) (citations omitted), *appeal denied*, 118 A.3d 1107 (Pa. 2015).

Our supreme court has recognized that "when examining the potential for undue prejudice, a cautionary jury instruction may ameliorate the prejudicial effect of the proffered evidence." *Commonwealth v. Hairston*, 84 A.3d 657, 666 (Pa. 2014) (citations omitted), *cert. denied,* 574 U.S. 863 (2014). Jurors are presumed to follow the trial court's instructions. *Commonwealth v. Elliott*, 80 A.3d 415, 445 (Pa. 2013), *cert. denied*, 574 U.S. 828 (2014).

During the prosecutor's cross-examination of appellant, the following exchange took place:

> Q. It is 2018. At some point in 2016 you got the paperwork or your attorney did back then and they gave you a copy and you had time to review it, correct?
>
> A. Yes, ma'am.

> Q    And you are in custody with the paperwork the
>       entire time and you can review it and read it at
>       your leisure as often as you like, correct?

Notes of testimony, 9/12/18 at 182.

Appellant's counsel immediately requested a sidebar and moved for a mistrial. (*Id.* at 182-184.) The trial court denied appellant's request and – contrary to appellant's contention[4] – gave the following cautionary instruction to the jury on the second day of trial:

> You heard information yesterday that [appellant] is in custody. Under the Pennsylvania Constitution, a person charged with first[-]degree murder is automatically held without bail. You really can't draw any inferences negative to [appellant]. No adverse inference can be drawn by the fact that he is in custody awaiting trial.

Notes of testimony, 9/13/18 at 91. Appellant's counsel did not object to this instruction.

Following our careful review, we agree with the trial court that a mistrial was not warranted in this case. This court has long recognized that "[a] singular, passing reference to prior criminal activity is usually not sufficient to show that the trial court abused its discretion in denying the defendant's motion for a mistrial." **Commonwealth v. Parker**, 957 A.2d 311, 319 (Pa.Super. 2008) (citations omitted), **appeal denied**, 966 A.2d 571 (Pa. 2009). On the contrary, a mistrial is only warranted in such an instance where

---

[4] **See** appellant's brief at 15.

"a juror could reasonably infer from the facts presented that the accused had engaged in **prior criminal activity**." ***Id.*** (citation omitted; emphasis added).

Instantly, the record reflects that the prosecutor's brief reference to the fact that appellant had the opportunity to review all of the discovery material while in custody in this matter did not infer any prior criminal conduct on the part of appellant. (***See*** notes of testimony, 9/12/18 at 182.) Moreover, any potential prejudice that may have resulted from the prosecutor's passing reference to the fact appellant was in custody was cured by the trial court's cautionary instruction to the jury. Accordingly, we discern no abuse of discretion on the part of the trial court in denying appellant's motion for a mistrial.

Appellant next argues that the trial court abused its discretion in overruling his objection to comments the prosecutor made during her closing argument insinuating that appellant's counsel believed that the victim may have been involved in criminal activity. (Appellant's brief at 19-20.) Specifically, appellant takes issue with the following comments by the prosecutor:

> Here is [the victim] in his nice car -- I -- I've known [appellant's counsel] for quite a bit of time and I certainly hope, I certainly hope, that [appellant's counsel] -- you know maybe he doesn't live in a neighborhood that is like 26th and Cambria -- I'm sorry -- Somerset and Lehigh and maybe he doesn't -- maybe to him, the only people that get to have nice cars are Jack and Jill from Chestnut Hill. So I certainly hope that [appellant's counsel] isn't

> implying that because [the victim] has a nice car and
> he's a black male
>
> [Appellant's counsel]: Objection.
>
> THE COURT: Overruled.
>
> [The Prosecutor]: -- that some how he is a bad guy.
> Som[eh]ow there [is] something seedy and
> unsav[or]y. I hope he is not implying that.

Notes of testimony, 9/13/18 at 64-65.

"Our standard of review for a claim of prosecutorial misconduct is limited to whether the trial court abused its discretion." ***Commonwealth v. Harris***, 884 A.2d 920, 927 (Pa.Super. 2005) (citations omitted), ***appeal denied***, 928 A.2d 1289 (Pa. 2007). Not every unwise remark on a prosecutor's part, however, constitutes reversible error. ***Id.*** "Prosecutorial misconduct occurs when the effect of the prosecutor's comments would be to prejudice the trier of fact, forming in its mind fixed bias and hostility toward the defendant so that it could not weigh the evidence objectively and render a true verdict." ***Commonwealth v. Duffy***, 832 A.2d 1132, 1137 (Pa.Super. 2003), ***appeal denied***, 845 A.2d 816 (Pa. 2004).

> Counsel['s] remarks to the jury may contain fair
> deductions and legitimate inferences from the
> evidence presented during the testimony. The
> prosecutor may always argue to the jury that the
> evidence establishes the defendant's guilt, although a
> prosecutor may not offer his personal opinion as to
> the guilt of the accused either in argument or in
> testimony from the witness stand. Nor may he or she
> express a personal belief and opinion as to the truth
> or falsity of evidence of defendant's guilt, including
> the credibility of a witness.

*Commonwealth v. Chmiel*, 777 A.2d 459, 466 (Pa.Super. 2001), *appeal denied*, 788 A.2d 372 (Pa. 2001), *cert. denied*, 535 U.S. 1059 (2002).

Following our careful review, we agree with the trial court that the prosecutor's comments, when read as a whole, were not so prejudicial as to warrant that a new trial be granted. "A petitioner establishes prejudice when he demonstrates that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. Johnson*, 966 A.2d 523, 533 (Pa. 2009) (citations and internal quotation marks omitted). "[A] prosecutor is permitted fairly wide latitude in advocating for the Commonwealth, including the right to argue all fair conclusions from the evidence, to respond to defense arguments, and to engage in a certain degree of oratorical flair." *Harris*, 884 A.2d at 931. All such comments must be reviewed in the context in which they were made. *Commonwealth v. Robinson*, 877 A.2d 433, 441 (Pa. 2005).

Here, the record reflects that prosecutor's comments were not the type that would cause the jury to form a fixed bias or hostility towards appellant and prevent it from rendering a fair and impartial verdict. Rather, the prosecutor's comments were a fair response to appellant's counsel's lengthy argument during summation alluding to the fact the victim's "expensive" 550 S class Mercedes was obtained from income he earned as a result of criminal activity, and not the delicatessen he owned and operated. (**See** notes of testimony, 9/13/18 at 20-23.) Accordingly, we discern no abuse of

discretion on the part of the trial court in rejecting appellant's prosecutorial misconduct claim.

For all the foregoing reasons, we affirm the September 13, 2018 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/20