J-S56029-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                           :  PENNSYLVANIA
                                           :

           v.                        :

MORRIS WAYNE BEVERLY         :

          Appellant         :  No. 961 EDA 2020

Appeal from the Judgment of Sentence Entered February 6, 2020,
in the Court of Common Pleas of Pike County,
Criminal Division at No(s): CP-52-CR-0000557-2016.

BEFORE:  BENDER, P.J.E., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED:  APRIL 23, 2021**

Morris Wayne Beverly appeals the judgment of sentence imposed following his conviction of multiple sexual crimes.  We affirm.

The trial court summarized the relevant factual and procedural history as follows:

> On . . . November 15, 2016, [a] criminal information . . . was filed against Morris Beverly ("[Beverly]"), alleging four (4) counts of statutory sexual assault (F1), one count of criminal solicitation (F1), and four (4) counts of corruption of minors (F3) [for sexual offenses committed against Q.B., the thirteen-year-old daughter of Beverly's girlfriend].
>
> On November 6, 2019, a jury convicted [Beverly] of all counts.  On February 6, 2020, [Beverly] was sentenced to a period of incarceration of not less than 168 months (14 years) nor more than 336 months (28 years) followed by three (3) years of probation to be specially supervised by the Pennsylvania Board of Probation and Parole, with credit for 147 days' time served.  On

---

[*] Retired Senior Judge assigned to the Superior Court.

February 11, 2020, [Beverly] filed a post-sentence motion requesting reconsideration of his sentence and a new trial as the verdict was against the weight of the evidence. On March 5, 2020, a hearing on the post-sentence motion was held. On March 9, 2020, this court denied the post-sentence motion.

On March 31, 2020, [Beverly] filed a notice of appeal to the Superior Court as to the jury verdict dated November 6, 2019, the sentencing order dated February 6, 2020, and the order denying [Beverly's] post-sentence motion dated March 9, 2020. On April 2, 2020, this court ordered [Beverly to] file a concise statement of matters complained of on appeal within twenty-one (21) days from the date of the order. [Beverly] filed his concise statement on April 27, 2020.

Trial Court Opinion, 6/2/20, at 1-2 (unnecessary capitalization omitted).

Beverly raises the following issues for our review:

1. Whether the trial court erred and abused its discretion by allowing evidence to be presented at trial which had not been provided to the defense in discovery, nor provided in a form which made its proper pretrial analysis possible?

2. Whether the trial court erred and abused its discretion by allowing evidence to be introduced at trial that Beverly had unusual interest in sex, *i.e.*, that he had over one hundred sex toys in his possession, where such evidence was highly prejudicial and contrary to the rules of evidence?

3. Whether the trial court erred and abused its discretion by allowing a testifying doctor to draw opinions regarding whether or not sexual assault actually occurred since that was a fact that needed to be found by the jury rather than any expert?

Beverly's Brief at 9 (capitalization omitted).

In his first issue, Beverly contends that the trial court erred by admitting certain evidence at trial which had not been provided to the defense in pretrial discovery, or provided in a form which made proper analysis possible. The trial court determined that the issue was waived because Beverly failed to

identify the evidence in question when raising the issue in his concise statement of errors complained of on appeal.

Upon review, we agree with the trial court's waiver determination. A concise statement must be specific enough for the trial court to identify and address each issue the appellant wishes to raise on appeal. "When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review." **Commonwealth v. Dowling**, 778 A.2d 683, 686 (Pa. Super. 2001) (citation omitted). Indeed, a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all. **Id**. at 686-87.

Here, in Beverly's concise statement, he did not identify for the trial court the specific evidence which he claims should not have been admitted at trial. Thus, as the issue was stated to vaguely in the concise statement, it is waived. **See Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 2011) (holding that this Court may find waiver where a concise statement is too vague).[1] Thus, Beverly's first issue merits no relief.

_____

[1] The trial court also concluded that the issue was waived due to Beverly's failure to object to the evidence at trial. The trial court indicated that it thoroughly reviewed the notes of testimony and Beverly's motion *in limine*, and found no place in the record where he objected to any evidence on the basis that it was not provided to the defense in pretrial discovery. **See Commonwealth v. Duffy**, 832 A.2d 1132, 1136 (Pa. Super. 2003) (holding that, in order to preserve an issue for review, a party must make a timely and specific objection); **see also** Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and cannot be raised for the first time on appeal).

In his second issue, Beverly challenges the admission of Trooper Mark Pizzuti's testimony that he found more than a hundred sex toys, lubricant, and several large bags of condoms when he searched Beverly's home.

The trial court determined that Beverly's second issue was also waived due to his failure to make a timely objection when the trooper testified. Upon review, we agree that the issue is waived due to Beverly's failure to raise any objection at trial to the trooper's testimony. **See Duffy**, 832 A.2d at 1136; **see also** Pa.R.A.P. 302(a). Thus, Beverly's second issue merits no relief.

In his third issue, Beverly challenges the admission of certain opinion testimony provided by Michael Rogan, M.D., who is a staff physician for The Children's Center of Northeastern Pennsylvania. Specifically, Beverly challenges Dr. Rogan's opinion testimony that Q.B. was, in fact, a victim of sexual abuse. Beverly argues that Dr. Rogan's opinion was not based on his medical examination of Q.B., but instead based primarily on Q.B.'s statements. According to Beverly, this was not an appropriate expert opinion. Instead, Beverly posits, it is an expert making a credibly determination of his own and then providing it to the jury in the guise of being an expert opinion.

The trial court considered Beverly's third issue and concluded that the issue was also waived. The trial court reasoned:

> This court extensively reviewed the trial transcript and the testimony of Dr. Michael Rogan. The Commonwealth questioned Dr. Rogan extensively on his qualifications. There was no objection to Dr. Rogan's admission as an expert witness in the field of child abuse pediatrics, and the court admitted him as such with the authority to render opinions within that field. There was

no objection made on this basis at trial during Dr. Rogan's testimony. There was no objection when the Commonwealth specifically asked for Dr. Rogans medical opinions and impressions based on his exam of the victim.

Trial Court Opinion, 6/2/20, at 4 (unnecessary capitalization and formatting omitted).

Based on our review, we agree that Beverly failed to preserve this issue for our review by raising a timely and specific objection to Dr. Rogan's opinion testimony at trial. **See Duffy**, 832 A.2d at 1136; **see also** Pa.R.A.P. 302(a). For this reason, his final issue merits no relief.

Having concluded that none of Beverly's issues merits relief, we affirm his judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/21