J-S12035-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| PEDRO MARTINEZ | : | |
| Appellant | : | No. 3392 EDA 2019 |

Appeal from the Judgment of Sentence Entered November 5, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0006909-2015

BEFORE:  BENDER, P.J.E., BOWES, J., and DUBOW, J.

MEMORANDUM BY DUBOW, J.:                    **FILED JULY 15, 2022**

Appellant Pedro Martinez appeals from the Judgment of Sentence of twenty to forty years' incarceration imposed after a jury found him guilty of Rape of a Child and related offenses.  Appellant challenges two of the trial court's evidentiary rulings.  After careful review, we affirm.

The trial court summarized the underlying facts as follows:

[T]he complainant herein, who was sixteen years' old when she appeared as a witness at appellant's trial, resided for a time with her mother and sister in Philadelphia, in a house owned by her grandfather beginning when she was about five years' old. Appellant, who dated [A.M.'s] mother, and often visited A.M.'s mother at A.M.'s home, fathered a son with A.M.'s mother.  A.M. recalled that her mother would leave her in Appellant's care when she lived in her grandfather's residence even though [mother] and Appellant were no longer in a relationship when he came to the house to visit his son.

When A.M. was between the ages of five and seven, she was home with Appellant and her older sister.  On that day, Appellant had [A.M.] go into her grandfather's bedroom.  A.M. ended up on her

grandfather's bed at which time Appellant inserted his fingers and penis in her vagina. A.M. recalled that after the first incident, blood discharged from her vagina.

She recalled that Appellant had sexual intercourse with her and placed his fingers inside her vagina a second time on her grandfather's bed. She also remembered that Appellant pulled her into the bedroom by her hand and once she was inside the room, Appellant closed the door and put a heavy coin bank against the door to prevent anyone from entering and [A.M. from] leaving the room. According to A.M., Appellant assaulted her on numerous other occasions during which Appellant sometimes tied her up by her wrists and ankles, but she could not recall many of the details of those other incidents or the two she testified about because she was trying to forget what had occurred to her.

[In 2014, when] A.M. was twelve years' old, she told a friend about the sexual assault after her friend confided in her that she also had something similar happen to her. She then told her mother who took her to the Special Victim's Unit ["SVU"] of the Philadelphia Police Department a day or two thereafter. [A.M.] did not [do] so sooner because she was scared of Appellant and did not want Appellant's son, her younger [half-]brother, growing up with[out] a father.

A.M.'s mother indicated that when A.M. was four years old, mother and Appellant briefly got back together and less than a year later A.M. became afraid and would start shaking when in the company of most men and boys. She also had flashbacks and nightmares while sleeping after she testified at Appellant's preliminary hearing.

Tr. Ct. Op., dated 3/4/20, at 2-3.

In May 2015, the Commonwealth arrested and charged Appellant with

two counts of Rape of a Child, and one count each of Aggravated Indecent

Assault of a Child, Endangering the Welfare of a Child ("EWOC"), and Corruption of Minors.[1]

A two-day jury trial commenced on July 16, 2019, during which the Commonwealth presented testimony from A.M., A.M.'s mother, SVU Detective Kimberly Boston, Michelle Kline, who is the lead forensic interviewer from the Philadelphia Children's Alliance, and Dr. Maria McColgan, a child abuse pediatrician qualified as an expert witness. Appellant's counsel conducted vigorous cross-examination. Appellant did not testify.

The jury found Appellant guilty on July 18, 2019, of all of the above offenses. The court ordered a pre-sentence investigation and mental health evaluation.

On November 5, 2019, the court sentenced him to an aggregate term of twenty to forty years' incarceration for the Rape convictions, followed by seven years' probation for the EWOC conviction,[2] and informed Appellant of his lifetime obligation to register as a Tier III sex offender. Appellant did not file a post-sentence motion.

Appellant timely appealed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following questions for our review:

---

[1] 18 Pa.C.S. §§ 3121(c), 3125(b), 4304, and 6301, respectively.

[2] The court imposed no further penalty for the remaining convictions.

1. Did the trial court err when it overruled defense counsel's objection to irrelevant and unfairly prejudicial testimony?

2. Did the trial court err when it sustained the Commonwealth's objection to relevant questioning by defense counsel?

Appellant's Br. at 4.[3]

Generally, "[our] standard of review for a trial court's evidentiary rulings is narrow." *Com. v. Mickel*, 142 A.3d 870, 874 (Pa. Super. 2016) (citation omitted). "The admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion." *Id.* (citation omitted) "An abuse of discretion is not merely an error of judgment[;] rather[, it is] the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will or partiality, as shown by the evidence of record." *Id.* (citation omitted).

Further, "[t]o constitute reversible error, an evidentiary ruling must not only be erroneous, but also harmful or prejudicial to the complaining party." *Id.* (citation omitted).

_____

[3] In his Pa.R.A.P. 1925(b) Statement, Appellant raised the same questions followed by a specific citation to the relevant pages of the trial proceedings upon which he bases his appeal. In its Rule 1925(a) Opinion, the trial court addressed those issues as raised. Our briefing rules require that the Statement of Questions Involved "state concisely the issues to be resolved, expressed in the terms and circumstances of the case[.]" Pa.R.A.P. 2116(a). The broad questions as presented in Appellant's Brief do not comply with Rule 2116(a). However, because Appellant's argument within his brief focuses on the exchanges cited with specificity in his Rule 1925(b) Statement, we find that Appellant's failure to comply with Rule 2116(a) is not fatal to this appeal.

It is well-established that issues not raised before the trial court are waived and cannot be raised for the first time on appeal. Pa.R.A.P. 302(a). In order to preserve an evidentiary issue for review, "a party must make a timely and specific objection." *Commonwealth v. Duffy*, 832 A.2d 1132, 1136 (Pa. Super. 2003) (citation omitted). "Also, an appellant may not raise a new theory for an objection made at trial on his appeal." *Id. See also Commonwealth v. Rose*, 172 A.3d 1121, 1128 (Pa. Super. 2017) (finding a challenge to the admission of certain testimony waived where counsel asserted a "bald objection without specificity" during trial); *Commonwealth v. Lopez*, 57 A.3d 74, 82 (Pa. Super. 2012) (concluding that the appellant waived his claim that certain testimony was inadmissible hearsay where, at trial, appellant's counsel merely objected without explanation).

In his first issue, Appellant challenges as non-responsive certain testimony his counsel elicited while cross-examining A.M. about her direct testimony that Appellant had sexually assaulted her multiple times. *See generally* N.T., 7/16/19, at 118-26. Appellant grounds his specific challenge in the following exchange that occurred:

> **Appellant's Counsel**: Well, the question that I read was, how many times did [Appellant] rape you?
>
> **A.M.**:     And I said twice.
>
> **Counsel**:   It doesn't ask how many times have you spoken on it, right?
>
> **A.M.**:     It doesn't. But at the end of the day, like I previously stated before, sir, I have only spoken on two rapes that Pedro has

done. And quite frankly, that's going easy on how many times that he's actually raped me. So you guys should kind of just be a little grateful that I didn't go into detail on how many times that it actually happened.

**Counsel**: Judge, objection.

**Court**: Well, she's just answering your questions. So let's move on.

**Counsel**: I'm trying, Judge.

*Id.* at 122-23.

Counsel did not raise a specific objection in this exchange or otherwise expound on the nature of his objection. In fact, it was not until Appellant filed a Rule 1925(b) Statement that he specified that the elicited testimony was irrelevant and unfairly prejudicial. Based on the above case law, because Appellant did not assert a timely, specific objection, Appellant's first issue is waived.

Moreover, even if Appellant had not waived this issue, we would conclude it merits no relief. A "defendant must assume the risk of his counsel's questions and he cannot benefit on appeal when his own cross-examination elicited an unwelcome response." ***Commonwealth v. Gilliard***, 446 A.2d 951, 954 (Pa. Super. 1982). In considering admissibility of "unwelcome responses" elicited during cross-examination testimony, courts must consider "whether the answer should have been reasonably anticipated and whether it was manifestly invited." ***Commonwealth v. Rivers***, 357 A.2d 553, 555-56 (Pa. Super. 1976).

In addressing Appellant's challenge in the instant case, the trial court observed:

> Here, the defense should have anticipated that the complainant would mention other sexual assaults Appellant committed against her by repeatedly questioning her to say that she had previously testified only about two sexual assaults because she testified on direct that Appellant sexually assaulted her numerous times. In addition, counsel was also aware that the victim was prone to blurting out testimony when she found the questions not to her liking because she did it a couple of times on direct examination. Thus, no error occurred here[.]

Tr. Ct. Op. at 5.

The trial court's explanation is reasonable and supported by case law. Thus, even if Appellant had not waived his claim, we would conclude the court properly exercised its discretion in overruling Appellant's objection

In his second issue, Appellant challenges the court's sustaining the Commonwealth's objection raised in the following exchange that occurred at the end of defense counsel's cross examination of A.M.:

> **Appellant's counsel**: Okay. I want to talk a little bit about earlier you mentioned that in the past you had seen bad imaginary friends?[4]
>
> **A.M.**: Yes.
>
> **Counsel**: How old were you when you saw these imaginary friends?

_____

[4] Earlier in his cross-examination, Appellant's counsel asked A.M., "You have been going to therapy for years. Prior to any of these allegations, you were going to therapy because you were seeing a bad imaginary friend, correct?" N.T., 7/16/19, at 114-15. A.M. responded: "At some point or another, yes." *Id*. at 115.

**Prosecutor**:      Objection.

**Court**:      Well, objection sustained.  I don't see that is probative here of anything.

**Counsel**:  Judge, those are all the question I have at this time.

N.T. at 134-35.

We are mindful that "[t]he scope of cross-examination is a matter left to the sound discretion of the trial court, and the trial court's rulings will not be disturbed absent an abuse of discretion." ***Commonwealth v. Boczkowski***, 846 A.2d 75, 96 (Pa. 2004).  Trial courts "generally enjoy broad discretion regarding the admission of potentially misleading or confusing evidence."  ***Commonwealth v. Parker***, 882 A.2d 488, 492 (Pa. Super. 2005).  Trial courts "may exclude relevant evidence if its probative value is outweighed by the danger of . . . unfair prejudice, confus[ion] of the issues[,] or  misleading the jury."  Pa.R.E. 403.  Further, a court may exclude evidence if it speaks to "a collateral matter and would have served to divert the jury's attention from the relevant issues in the case." ***Klein v. Aronchick***, 85 A.3d 487, 501 (Pa. Super. 2014) (concluding in a medical malpractice case that the admission of a plaintiff's history of bulimia was collateral to the basis for the medical malpractice action, and  "the probative value of this evidence, if any, was clearly outweighed by its prejudicial effect[.]").

In its Rule 1925(a) Opinion, the trial court explained that it sustained the objection because, *inter alia*, Appellant sought irrelevant information.

> [T]his [c]ourt sustained the Commonwealth's objection because the question sought irrelevant testimony. There was nothing in the record indicating that A.M. had fabricated the assaults she accused Appellant of committing[. A]sking her to comment on alleged imaginary friends in an attempt to create the impression that her allegations against Appellant were simply the product of an overactive imagination not only was improper but also would have raised issues collateral to th[ose] present in the case related to her [] mental state. Moreover, the area of inquiry defense counsel sought to explore would have confused the jury. Accordingly, for all of these reasons it is suggested that the ruling complained of here be affirmed.

Trial Ct. Op. at 7.

Appellant now contends that the trial court erred because if defense counsel had been permitted to establish when A.M. was seeing a bad imaginary friend, "there would have been support in the record, contrary to the trial court's opinion, that A.M. fabricated the allegations due to an 'overactive imagination.'" Appellant's Br. at 11. *Id*. He also asserts that the probative value of the question outweighed any unfair prejudice because "there was little risk that the jury would have been diverted from the ultimate question, whether [Appellant] raped A.M." *Id*.

We conclude that the trial court properly exercised its discretion in sustaining the Commonwealth's objection. The question of when A.M. imagined a "bad friend" raised "a collateral matter [which] would have served to divert the jury's attention from the relevant issues in the case." *Klein*, 85 A.3d at 501. Moreover, its probative value, if any, would have been outweighed by jury speculation or confusion that such collateral evidence could have caused.

Further, Appellant has failed to convince us that the court's exclusion of the testimony was "erroneous [and] harmful or prejudicial" to him. **Mickel**, 142 A.3d at 874. In addition, the trial court properly applied the law, and reasonably exercised of its judgment without "bias, prejudice, ill-will or partiality, as shown by the evidence of record." **Id.** Accordingly, we conclude Appellant's second issue warrants no relief.

Having found the trial court properly exercised its discretion in its evidentiary rulings challenged in this appeal, we affirm Appellant's Judgment of Sentence.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/15/2022