J-A14041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH ACKERMAN | : | |
| | : | |
| Appellant | : | No. 814 EDA 2023 |

Appeal from the Judgment of Sentence Entered December 19, 2022
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0002483-2019

BEFORE: LAZARUS, P.J., STABILE, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED OCTOBER 29, 2024**

Joseph Ackerman ("Ackerman") appeals from the judgment of sentence imposed following his convictions for attempted murder, aggravated assault, possession of a firearm prohibited, and carrying a firearm without a license.[1] We affirm.

By way of background, Ackerman shot the victim, Nicole Jameson ("Nicole"), in the back of the head in early 2019 because she was in a romantic relationship with the husband of Ackerman's aunt and co-defendant, Rebecca Watkins-Lauber ("Rebecca"). *See* N.T., 10/18/22, at 62-63, 69. Police arrested Ackerman and charged him with attempted murder and related offenses. Police filed similar charges against Rebecca, and the two cases were consolidated for pretrial and trial proceedings.

---

[1] *See* 18 Pa.C.S.A. §§ 901, 2702, and 6105.

The trial court scheduled a preliminary hearing for March 8, 2019; however, the Commonwealth and Ackerman requested a joint continuance, and the trial court rescheduled the preliminary hearing for April 5, 2019. Following the preliminary hearing on April 5, 2019, the trial court held Ackerman for trial on all charges. On April 22, 2019, Ackerman was formally arraigned, the case was assigned to a judge for trial, and a pretrial conference was scheduled for May 15, 2019. On May 15, 2019, Ackerman requested a continuance for further investigation. At the pretrial conference conducted on June 12, 2019, Ackerman rejected the Commonwealth's plea offer, and the trial court set a scheduling conference for June 27, 2019. At the scheduling conference held on June 27, 2019, the trial court determined that the earliest possible trial date ("EPD") for both the Commonwealth and trial court was November 18, 2019, and scheduled the trial for that date. However, because Ackerman's counsel was not available on that date and the Commonwealth would not sever the trials, the trial court rescheduled trial for December 9, 2019. On November 8, 2019, at a trial readiness conference, the trial court and the parties determined that the trial date of December 9, 2019, was incompatible with Rebecca's counsel's schedule. The trial court then rescheduled the trial for July 20, 2020.

On March 16, 2020, the Pennsylvania Supreme Court issued an order declaring a statewide judicial emergency due to the COVID-19 pandemic and suspending Pa.R.Crim.P. 600 (providing generally that trial in a criminal case shall commence within 365 days from the date on which the complaint is filed).

- 2 -

***See In re Gen. Statewide Jud. Emergency***, 228 A.3d 1281 (Pa. 2020). Subsequently, the President Judge of the Philadelphia County Court of Common Pleas extended the suspension of Rule 600 until October 1, 2021.[2] As a result of the judicial emergency and Rule 600 suspension, the July 20, 2020 trial date was cancelled; however, the parties completed discovery. Following numerous status listings, the trial court conducted a trial readiness conference on August 31, 2021, at which it rescheduled the trial for March 7, 2022.

On March 7, 2022, both Ackerman and the Commonwealth appeared for trial; however, the trial court continued the trial to March 8, 2022, and then to March 9, 2022, for possible jury selection. On March 9, 2022, The Commonwealth indicated that Nicole was unavailable due to her pregnancy and anticipated delivery date. The trial court then rescheduled the trial to October 17, 2022.

On June 3, 2022, Ackerman filed a motion to dismiss the case pursuant to Rule 600. On July 25, 2022, Honorable Zachary C. Shaffer held an evidentiary hearing on the Rule 600 motion. During the hearing, Ackerman argued that the Commonwealth failed to act with due diligence because he had requested certain discovery (*i.e.*, phone records, medical records, and Facebook photos) which the Commonwealth did not provide until seventeen months after it filed the criminal complaint. The Commonwealth argued that

_____

[2] On October 1, 2021, the Rule 600 suspension in the First Judicial District ended. ***See*** Order, No. 21 EM 2020, 8/23/21.

- 3 -

it acted with due diligence regarding the outstanding discovery by requesting it from the assigned detective and then personally visiting him at his home. *See* N.T., 7/25/22, at 9-13. The Commonwealth established that it did not obtain the requested evidence until June 2020, during COVID-19-related judicial emergency and Rule 600 suspension, and immediately turned it over to Ackerman's counsel, who agreed that the Commonwealth could have proceeded to trial without it. *See id*. 12-13, 19-20. In its argument to Judge Shaffer regarding the discovery, the Commonwealth relied on its file markings and emails sent to both the detective and Ackerman's counsel. *See id*. at 9-13.

Ackerman also argued during the hearing that the Commonwealth should have severed the cases at the August 31, 2021 trial readiness conference, rather than accepting the March 7, 2022 trial date when Nicole would be unavailable. Ackerman argued that the Commonwealth was not diligent because it failed to determine in advance that Nicole would be unavailable for the March 7, 2022 trial date.

In response, the Commonwealth stated that the victim witness coordinator contacted Nicole and mailed a subpoena to her. *See id*. at 22-23, 32-33. At that time, the Commonwealth was unaware that Nicole was pregnant or that she would be unavailable for the March 2022 trial date. *See id*. At some point, Nicole moved and changed her phone number without notifying the Commonwealth. *See id*. While preparing the case for trial, the Commonwealth sent detectives to serve Nicole's uncle to get her new contact

- 4 -

information. *See id*. When the Commonwealth finally contacted Nicole, she indicated that she was unable to come to court because she was pregnant, and the trial date was too close to her due date. *See id*. The Commonwealth argued that it acted with due diligence and provided a letter from Nicole's doctor confirming her due date, and stating that she was unavailable on March 9, 2022 due to her pregnancy. *See id*. at 22, 25.

Judge Shaffer took the Rule 600 motion under advisement and rescheduled the hearing to August 8, 2022. He also instructed the parties to provide information to him prior to the next hearing on how he should consider Nicole's unavailability because of her pregnancy. On August 8, 2022, Judge Shaffer ruled that the Commonwealth acted with due diligence, and the challenged periods of time were excludable from the Rule 600 calculation. Accordingly, Judge Shaffer denied Ackerman's Rule 600 motion. *See* N.T., 8/8/22, at 8–10; *see also* N.T., 7/25/22, at 13, 27-28, 33-35. The trial court then continued the trial to October 17, 2022.

On October 17, 2022, the case proceeded to a jury trial before Honorable Giovanni Campbell. On the first day of trial, Nicole testified on cross-examination by Rebecca's counsel that Rebecca's husband, "[Albert,] called me from someone's phone, and all I remember saying – him saying was, [Ackerman] shot you." N.T., 10/18/22, at 129. Ackerman's counsel objected without stating any basis for the objection. *See id*. The trial court overruled the objection but immediately instructed the jurors, "[Y]ou are the sole finders of fact and only you can determine what is true . . . [and] it doesn't

matter what anyone else's opinion is regarding who did what." *Id*. at 129–30. Ackerman did not request a further curative instruction or move for a mistrial.

On the second day of trial, Ackerman's counsel informed the trial court that he had planned to request a mistrial based on Nicole's aforementioned testimony but decided against it after discussing the issue with Ackerman, who requested that he not do so. Ackerman's counsel specifically agreed to "stand by the curative instruction." N.T., 10/19/22, at 14. As an extra precaution, the trial court conducted an on-the-record colloquy of Ackerman regarding this decision and informed him that he would not be able to claim later that a mistrial should have been granted. Ackerman testified that he agreed with the decision not to request a mistrial. *Id*. at 15-16. The trial court offered to review a proposed curative instruction if Ackerman wished, but he decided an additional instruction might draw unwanted attention to the hearsay statement. *Id*. at 16-18.

The following day, the trial court delivered its jury instructions, stating four separate times that the jurors were the sole finders of fact. *See* N.T., 10/20/22, at 10, 12, 16, 32. During deliberations, the jury asked whether Nicole's hearsay testimony could be considered and, if so, whether that testimony could be re-read. *Id*. at 42. At that point, Ackerman's counsel requested a mistrial, arguing that the curative instruction was insufficient and that the jury was considering inadmissible hearsay evidence. *Id*. at 43-45, 53. The trial court denied Ackerman's request for a mistrial and answered the

jurors' question by explaining that: (1) they needed to rely on their memory of what was said; (2) they were permitted to consider evidence admitted over objection; (3) they were the sole finders of fact; and (4) "no one else's opinion about anything that happened in this case matters but yours.  You are the sole finders of fact."  *Id*. at 46, 51-52.

On October 21, 2022, the jury found Ackerman guilty of attempted murder, aggravated assault, and carrying a firearm without a license. Immediately following the jury's verdict, the trial court conducted a bifurcated waiver trial and found Ackerman guilty of possession of a firearm by a prohibited person.  On December 19, 2022, the trial court sentenced Ackerman to an aggregate term of twenty-five to fifty years of imprisonment. Ackerman filed a timely post-sentence motion, which the trial court denied. Ackerman then filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.

Ackerman raises the following issues for our review:

1. Did [Judge Shaffer] err and abuse [his] discretion when [he] denied [Ackerman]'s motion to dismiss pursuant to [Rule] 600(A), where [Ackerman]'s trial did not begin until long after the adjusted run date and the Commonwealth failed to exercise due diligence in bringing the case to trial?

2. Did the trial court err and abuse its discretion by admitting hearsay evidence (to wit, the statement of Albert . . . to [Nicole] that [Ackerman] was the person who had shot her), and by permitting the jury to consider this improperly admitted hearsay during deliberations, and by denying [Ackerman]'s motion for mistrial made as a result of the jury's consideration of this improperly admitted hearsay?

Ackerman's Brief at 6.

In his first issue, Ackerman challenges the denial of his Rule 600 motion. Our standard of review regarding the trial court's decision on a Rule 600 speedy trial motion is whether the trial court abused its discretion. ***See Commonwealth v. Ramos***, 936 A.2d 1097, 1100 (Pa. Super. 2007) (*en banc*). An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused. ***Id***. Our "scope of review is limited to the evidence [of] record [at] the Rule [600] evidentiary hearing, and the [trial court's] findings." ***Id***. (citation omitted). "[We] view the facts in the light most favorable to the prevailing party." ***Id***. (citation omitted).

Pennsylvania Rule of Criminal Procedure 600 states that "[t]rial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed." Pa.R.Crim.P. 600(A)(2)(a). This initial calculation determines the mechanical run date, which is thereafter adjusted based on certain periods of delay pursuant to Rule 600 (C), which provides: "periods of delay at any stage of the proceedings caused by the Commonwealth when the Commonwealth has failed to exercise due diligence shall be included in the computation of the

time within which trial must commence. Any other periods of delay shall be excluded from the computation." Pa.R.Crim.P. 600(C)(1).

In ruling on a defendant's Rule 600 motion, the trial court must first determine whether the Commonwealth has met its obligation to act with due diligence throughout the life of the case. *See Commonwealth v. Harth*, 252 A.3d 600, 618 (Pa. 2021). It is the Commonwealth's burden to show due diligence by a preponderance of the evidence. *See Commonwealth v. Wiggins*, 248 A.3d 1285, 1289 (Pa. Super. 2021) (holding that "the onus is on the Commonwealth to demonstrate that it engaged in due diligence in at least being capable of bringing a defendant to trial within the prescribed time parameters"). "Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." *Commonwealth v. Selenski*, 994 A.2d 1083, 1089 (Pa. 2010) (citation omitted). If the Commonwealth meets its burden of proving due diligence, only then may the trial court rely upon its own unavailability due to a congested calendar or other scheduling problems as justification for denying the defendant's motion. *See Harth*, 252 A.3d at 618.

Ackerman claims that Judge Shaffer should have granted his Rule 600 motion because more than 365 days of includable time passed between the filing of the criminal complaint and his trial. In presenting this argument, Ackerman concedes that the mechanical run date of February 22, 2020 was

required to be adjusted for certain excusable delays, including: (1) the 28 days between March 8, 2019 and April 5, 2019 attributable to a joint continuance request; (2) the 28 days between May 15, 2019 and June 12, 2019 attributable to Ackerman's continuance request; and (3) the 563 days in which Rule 600 was suspended (March 16, 2020, through October 1, 2021). Based on these excludable delays, Ackerman contends that the adjusted run date for purposes of Rule 600 was November 2, 2021.

Ackerman claims that Judge Shaffer abused his discretion by ruling that the following time periods were excused or excluded from the Rule 600 calculation: (1) the 120 days from November 8, 2019, which was the date on which the original trial date was cancelled, to the suspension of Rule 600 on March 16, 2020; (2) the 159 days from the end of the Rule 600 suspension on October 1, 2021, to the next trial date on March 9, 2022; and (3) the 86 days between the March 9, 2022 trial date and the filing of the Rule 600 motion on June 3, 2022.[3]

_____

[3] On appeal, Ackerman also claims that the period of 144 days, between the first trial scheduling conference on June 27, 2019, and the EPD for trial on November 18, 2019, should not be excusable because it is "part of the normal progression of the case." Ackerman's Brief at 34. However, during the Rule 600 hearing, when asked by Judge Shaffer about this same period, Ackerman's counsel argued only "it should be counted this time because at the time I just still didn't have full discovery. So how can the Commonwealth say they are otherwise ready[.]" N.T., 7/25/22, at 7. Judge Shaffer noted Ackerman's objection for the record but disagreed finding that "the Commonwealth was duly diligent with their attempt to procure these [missing discovery] items on [the November 8, 2019 listing]." *See id*. at 13. As
*(Footnote Continued Next Page)*

- 10 -

Ackerman argues that the 120-day period from the trial readiness conference on November 8, 2019, until the suspension of Rule 600 on March 16, 2020, should be attributable to the Commonwealth because it: asked for a continuance on November 8, 2019, due to the unavailability of Rebecca's counsel; declined to sever the cases; and had not obtained and provided certain requested discovery (phone records, medical records, and Facebook photos). Ackerman argues that the Commonwealth did not provide these items until August 2020, more than one year after its initial discovery request.

With respect to the 159 days from the end of the Rule 600 suspension on October 1, 2021, to the next trial date on March 9, 2022, Ackerman merely argues that this period was part of the normal progression of the case and should therefore be counted. However, Ackerman concedes the suspension of Rule 600 during the COVID-19 emergency is not included in the Rule 600 calculation.

Regarding the 86 days between the March 9, 2022 trial date and the filing of the Rule 600 motion on June 3, 2022, Ackerman contends that the Commonwealth failed to prove that it acted with due diligence by promptly contacting Nicole after the August 31, 2021 status listing which rescheduled the trial to March 7, 2022. Ackerman points out that Nicole was already

_____

Ackerman presents a new theory for relief for the first time on appeal, he failed to preserve it for our review. *See* Pa.R.A.P. 302(a) (providing that issues not raised in the trial court are waived and cannot be raised for the first time on appeal).

- 11 -

pregnant by then, and if the Commonwealth had not delayed in contacting her, it would have determined earlier that she would be unavailable for the March 9, 2022 trial date.

Judge Campbell considered Ackerman's first issue and determined that it lacked merit. As Judge Campbell explained:

> The crux of the motion came down to a continuance at the August 31, 2021 trial readiness conference for a jury trial on March 7, 2022. The case was then rolled to March 8, 2022[,] for a jury trial, then to the next day, March 9, 2022, for jury selection. At that point the case could not proceed because [Nicole] was unavailable due to the stage of her pregnancy. [**See** N.T.,] 7/25/22, [at] 22. The case was then continued to October 17, 2022, for trial, on which date the case was assigned to this court and jury selection commenced. The defense argued that the Commonwealth was not diligent because it failed to determine in advance that [Nicole] was going to be unavailable on March 7, 2022. Had the Commonwealth done so earlier, it would have learned that the Complainant was pregnant and was due right around the . . . trial date. At that point an earlier trial date could have been scheduled, and certainly earlier than October 17, 2022. The Commonwealth argued that it was duly diligent in issuing a subpoena to [Nicole] and then having a follow-up call by its victim-witness coordinator. It was only in the course of preparing the case for trial that the Commonwealth learned that [Nicole] had moved and changed her phone number. The Commonwealth was able to reach [Nicole's] uncle, at which time it learned of her pregnancy, due date of March 20, 2022, and her unavailability. [**See** N.T.,] 7/25/22, 21-26.

Trial Court Opinion, 8/9/23, at 5-6. Judge Campbell further indicated that the reasons for Judge Shaffer's denial of the Rule 600 motion appear in the notes of testimony from the two hearings on the motion. **See id**. at 6.

In this regard, with respect to the 120-day period from the trial readiness conference on November 8, 2019, until the suspension of Rule 600

- 12 -

on March 16, 2020, the notes of testimony reflect that Judge Shaffer ruled that the Commonwealth was diligent in their efforts to obtain the outstanding discovery requested by Ackerman at the June 27, 2019 scheduling conference. *See* N.T., 7/25/22, at 7-13. Accordingly, Judge Shaffer determined that the period between November 18, 2019, to March 17, 2020, could not be counted against the Commonwealth because Rebecca's counsel was unavailable. *Id*. at 7.

In relation to the 159-day period from the end of the Rule 600 suspension on October 1, 2021, to the next trial date on March 9, 2022, Judge Shaffer reasoned that it was excludable time because the court's schedule was inundated due to COVID-19 delays. *See id*. at 14-15. Judge Shaffer determined that there were "still no codefendant jury trials. It's excludable time. A status listing on 8/31/2021. There's a jury trial scheduled at the [EPD] of March 7, 2022. They couldn't accommodate the codefendant['s] jury[]. That was due to the restrictions from the still ongoing pandemic." *Id*.

Regarding the 86-day period between the March 9, 2022 trial date and the filing of the Rule 600 motion on June 3, 2022, Judge Shaffer found that the Commonwealth was duly diligent following the August 31, 2021 trial readiness conference because it promptly contacted Nicole with the March 7, 2022 trial date, and there was nothing in the record to indicate that Nicole knew or would have known she was pregnant in August 2021, when the trial date was set. *See* N.T., 8/8/22, at 8-10. As Judge Shaffer explained:

[The Commonwealth's] assertion, based on the file's marking, is that in . . . August when we got the jury trial date that your victim witness coordinator had contacted them, in addition a subpoena had been mailed. And there's nothing in the file to indicate that the person called back or anything and said, hey this date isn't good, and you said, well we're going to just do the date anyway? . . .

* * * *

I do find that the Commonwealth was duly diligent. They did have someone reach out immediately to the complainant. . . . [I]t was handled well enough to meet their Constitutional burden. So[,] I am going to deny the [Rule] 600 motion. I think that the Commonwealth was duly diligent when they were getting this court date, that they had reached out to the complaining witness at that point in time. There's nothing to indicate on the record that she should have known or would have known that she was pregnant, and she had that due date.

N.T., 7/25/22, at 27-28, 33-35; N.T., 8/8/22, at 8-10.

Based on our review, we discern no abuse of discretion by Judge Shaffer in reaching his determination that the Commonwealth acted with due diligence with respect to each of the contested time periods. First, regarding the 120-day period from the trial readiness conference on November 8, 2019, until the suspension of Rule 600 on March 16, 2020, the record supports Judge Shaffer's determination that this period was excludable because of delays beyond the Commonwealth's control, including Ackerman's counsel's unavailability for the November 18, 2019 trial date.[4] ***See Commonwealth***

_____

[4] As noted previously, at the scheduling conference on June 27, 2019, the EPD for both the Commonwealth and trial court was November 18, 2019. However, because Ackerman's counsel was not available on that date, and the
*(Footnote Continued Next Page)*

*v. Hill*, 736 A.2d. 578, 592 (Pa. 1999) (finding Commonwealth exercised due diligence when it initially scheduled trial within time requirements of Rule 600, but trial was delayed by actions of defendant beyond Commonwealth's control). Similarly, the December 9, 2019 trial date was rescheduled to July 20, 2020, due to the unavailability of Rebecca's counsel. *See id*. The fact that the Commonwealth declined to sever the trials did not factor into the due diligence inquiry. *See Commonwealth v. Robbins*, 900 A.2d 413, 417 (Pa. Super. 2006) (holding "severance is not required of the Commonwealth when it faces a possible Rule 600 violation, and the trial court should not [] factor[] the refusal to sever in its Rule 600 analysis"). Thus, the record supports the trial court's determination that the 120-day period from the trial readiness conference on November 8, 2019, until the suspension of Rule 600 on March 16, is excusable.

With respect to the 159-day period from the end of the Rule 600 suspension on October 1, 2021, to the next trial date on March 9, 2022, we discern no abuse of discretion by the trial court in determining that this period was excludable due the trial court's unavailability because its court schedule was inundated due to COVID-19 delays. Notably, these are the exact restrictions that our Supreme Court did not want to count against the

---

Commonwealth would not sever the trials, the trial court rescheduled trial to December 9, 2019. On November 8, 2019, the trial court and the parties determined that the trial date of December 9, 2019, conflicted with Rebecca's counsel's schedule.

Commonwealth in a Rule 600 calculation. ***See Commonwealth v. Mills***, 162 A.3d 323, 325 (Pa. 2017) (stating "where a trial-ready prosecutor must wait several months due to a court calendar, the time should be treated as "delay" for which the Commonwealth is not accountable"). After finding that the Commonwealth was duly diligent during that period because it was ready to proceed to trial, Judge Shaffer correctly attributed the time to judicial delay.

Finally, with respect to the 86-day period between the March 9, 2022 trial date and the filing of the Rule 600 motion on June 3, 2022, the record supports Judge Shaffer's finding that the Commonwealth was duly diligent following the August 31, 2021 trial readiness conference by promptly advising Nicole of the March 7, 2022 trial date, and receiving no indication that Nicole was pregnant or that she would be unavailable for that trial date. ***See Commonwealth v. Wendel***, 165 A.3d 952, 957 (Pa. Super. 2017) (holding that delays attributable to the unavailability of necessary witnesses due to circumstances beyond the Commonwealth's control are excusable and therefore excluded from the Rule 600 calculation). Thus, as we discern no abuse of discretion by Judge Shaffer in dismissing Ackerman's Rule 600 motion, his first issue warrants no relief.

In his second issue, Ackerman argues that the trial court improperly admitted Nicole's hearsay statement that Albert told her that Ackerman shot her. As a preliminary matter, we observe that to preserve an evidentiary issue for our review, a defendant must make a timely and specific objection at trial

or face waiver of the issue on appeal. *See Commonwealth v. Duffy*, 832 A.2d 1132, 1136 (Pa. Super. 2003) (holding that party must make timely and specific objection at trial to preserve issue for appellate review); *see also* Pa.R.A.P. 302(a). Where an appellant lodges a general objection to testimony at trial without stating any basis for the objection, a more specific basis for the objection raised for the first time on appeal is waived. *See Commonwealth v. Willis*, 552 A.2d 682, 690 (Pa. Super. 1988) (deeming an appellate claim that testimony constituted inadmissible hearsay waived where, at trial, counsel merely stated "objection").

Further, the failure to timely request a mistrial at the time objectionable evidence is admitted results in waiver of the request for mistrial. *See* Pa.R.Crim.P. 605(B) (providing that "[w]hen an event prejudicial to the defendant occurs during trial[,] only the defendant may move for a mistrial; the motion shall be made when the event is disclosed").

Ackerman contends that Nicole's testimony about what Albert said to her on the phone was inadmissible and prejudicial because the statement was hearsay. Furthermore, he asserts that the trial court erred in overruling his counsel's objection and allowing the statement into evidence on the basis that Rebecca's counsel asked the question. Ackerman further claims that the trial court should have granted his motion for a mistrial due to the admission of the hearsay statement because: (1) the trial court's curative instruction failed to cure the error; (2) the curative instruction went towards a significant issue

in the trial that should not have been considered by the jury; and (3) where the jury was obviously considering impermissible evidence, no curative instruction could cure the error, and if an instruction was given, it should have been that the jury should disregard the statement.

As explained above, when Nicole testified to what Albert told her, Ackerman's counsel merely stated, "objection." N.T., 10/18/22. at 129. The failure by Ackerman counsel to articulate any specific basis for the objection at the time it was made results in waiver of the present hearsay challenge raised for the first time on appeal. *See Duffy*, 832 A.2d at 1136; *see also* Pa.R.A.P. 302(a).

Moreover, although the trial court immediately cautioned the jurors, Ackerman did not object to the cautionary instruction, request any further instruction to the jury on the matter, or move for a mistrial. Instead, he waited two more days, until the jury was in its deliberations, to request a mistrial based on the adequacy of the cautionary instruction that Ackerman previously agreed was adequate and would not provide a basis for mistrial. We conclude that Ackerman's motion for mistrial was not timely made because the allegedly prejudicial event occurred during the Nicole's testimony on the first day of trial and Ackerman did not move for a mistrial until two days later, after the jury had already began deliberating. Moreover, Ackerman previously indicated during an on-the record colloquy that he stood by the cautionary instruction provided by the trial court, did not want to request a mistrial or

any further curative instruction, and confirmed his understanding that he would not be able to claim later that a mistrial should have been granted. ***See*** N.T., 10/19/22, at 14-18. Thus, his second issue is waived.

Accordingly, Ackerman is not entitled to relief from this Court.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/29/2024</u>